[Civ. No. 4851.   Second Appellate District, Division One.—January 18, 1927.].

MRS. LOUISE LACKEY, Administratrix, etc., Respondent, v. OLDS AND STOLLER INTER-EXCHANGE, Appellant.

[1] INSURANCE—MINOR DRIVING AUTOMOBILE—IMPUTED NEGLIGENCE—LIABILITY OF CARRIER.—The liability imposed by section 24(a) of the Motor Vehicle Act upon the person signing the application of a minor is a liability imposed by law, and, therefore, where said person takes out a policy insuring him against "actual loss by reason of the liability imposed by law . . . on account of bodily injuries (including death resulting therefrom) accidentally suffered . . . by reason of the operation or use of" a specified automobile, the insurance company is liable for injuries caused by said minor while driving said automobile.

---

(1) 36 C. J., p. 1085, n. 77.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John L. Fleming, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Jennings & Belcher for Appellant.

Duke Stone and Perry F. Backus for Respondent.

YORK, J.—An automobile owned by Morris Levenstadt was being operated by Nat Levenstadt, his chauffeur, who happened to be his nephew, where by the negligence of Nat Levenstadt in operating said automobile August E. Buelke was killed.

Nat Levenstadt, at the time of the accident, was alone in the automobile and on the way to purchase clothing for himself.

The defendant had issued a policy of insurance to Morris Levenstadt, and an action was brought against said Morris Levenstadt and Nat Levenstadt for damages for the death of Buelke, because of the negligence of Nat Levenstadt, and judgment was rendered for plaintiff, against *both* defendants, for $5,166.97, and costs, and said judgment was not paid, and this action was against appellant upon the insurance policy for the amount of such judgment, alleging insolvency of defendants therein and non-payment. [1] The question before the court in the present action was, and the real question raised in this appeal is, as to whether by the terms of the insurance policy appellant is liable herein for the amount of such judgment. Appellant contends that a breach of the terms of the policy was made by policy-holder by signing the application for a chauffeur's license for Nat Levenstadt. By the terms of the policy, Morris Levenstadt was insured by appellant "Against actual loss by reason of the liability imposed by law, . . . on account of bodily injuries (including death resulting therefrom) accidentally suffered . . . by reason of the operation or use of" the automobile described in the policy. The Motor Vehicle Act, section 24 (a) (Stats. 1917, p. 407), which was construed in the case of *Buelke* v. *Levenstadt,* 190 Cal. 684 [214 Pac. 42], makes the person who signed the application jointly and severally liable with the minor. The signer of the application was therefore made liable as a matter of law for the negligent act of the minor in operating the car, whether he was on the business of the signer of the application or not. The Motor Vehicle Act, section 24 (a), expressly makes the negligence of the minor imputable to the person who signs his application; hence the liability is one expressly created and imposed by the statutory law. At the time of the accident Nat Levenstadt was operating the Ford automobile truck

particularly described in the insurance policy. The judgment against Morris Levenstadt and Nat Levenstadt was one created by law "by reason of the operation and use of the automobile." It follows that whether the accident resulting in the death of Buelke occurred when Nat Levenstadt was on his way to purchase a pair of pants for himself, or for Morris Levenstadt, in either event the appellant, under the Motor Vehicle Act, was liable under the terms of the policy. Inasmuch as Morris Levenstadt did not assume any liability after the issuance of the policy, or otherwise violate the terms of the policy, there was no breach of the conditions of the policy on his part. The evidence shows that both Morris Levenstadt and Nat Levenstadt were insolvent, and therefore the insurer became liable under the terms of clause H of the policy, wherein it provides that if policy-holder is insolvent, then the claimant shall be entitled to maintain an action against the insurer for the recovery of indemnity in all cases where the insured would have been otherwise liable.

Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 17, 1927.