[Civ. No. 5789. First Appellate District, Division Two.—April 1, 1927.]

ROBERT J. MARPLE et al., Respondents, v. AMERICAN AUTOMOBILE INSURANCE COMPANY (a Corporation), Appellant.

[1] AUTOMOBILE INSURANCE—NEGLIGENCE OF MINOR—ASSUMPTION OF LIABILITY BY FATHER — LIABILITY OF INSURANCE CARRIER. —An automobile insurance carrier is liable for damages recovered against the assured, by reason of the negligent operation of the automobile by a minor son, whose application for an operator's license had been signed by the assured, notwithstanding the policy of insurance contained a provision that it should not cover liability assumed by the assured under any contract or agreement.

[2] ID.—INSOLVENCY OF ASSURED—JUDGMENT—ACTION AGAINST COMPANY—PLEADING—EVIDENCE.—Where a policy of automobile insurance has attached thereto a rider substantially in the language of the statutory requirement (Stats. 1919, p. 776) that such an insurance policy shall contain a provision "that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages . . . and . . . that in case judgment shall be secured against the insured in an action brought by the injured person . . . then an action may be brought against the company, on the policy and subject to its terms and limitations," etc., the plaintiff, in an action thereon, is not required to allege and prove the insolvency of the insured, but may predicate his case upon the facts stated in the second provision of such rider.

(1) 36 C. J., p. 1085, n. 78.    (2) 36 C. J., p. 1097, n. 63.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sloss & Ackerman for Appellant.

Marcel E. Cerf and M. P. Bruton for Respondents.

1. Clauses in automobile policy prohibiting assuming of liability, notes, 34 A. L. R. 730; 43 A. L. R. 326.

KOFORD, P. J.—Respondents first recovered judgment against Jay H. Merrill for the death of their son, Robert, Jr., caused by the negligent operation of an automobile in which he was riding while driven by the son of said Merrill. An execution on said judgment having been returned unsatisfied, respondents next commenced this action against appellant, the insurance carrier for said Merrill. Judgment was for respondents against the appellant insurance company.

[1] Appellant claims first that the record in the first suit against Merrill shows that the judgment against him was not given upon the theory of *respondeat superior,* but because of a liability assumed by Merrill by contract in and by his signing the application of his minor son to obtain an operator's license to drive the automobile. We shall treat the point as though the judgment was not based upon the doctrine of *respondeat superior.*

The policy of insurance insured said Merrill, section II, "Against direct loss and expense arising or resulting from claims upon the assured for damages by reason of the ownership, maintenance, manipulation or use of (the automobile in question) . . . if such claims are made on account of

(Clause A) "Bodily injuries or death accidentally suffered by any person or persons . . . as the result of an accident occurring while this policy is in force . . . "

One of the limitations (No. 20) of this policy provided that such insurance " . . . does not cover against claims arising under any Workmen's Compensation agreement plan or law . . . ; nor for the liability of others assumed by the assured under any contract or agreement." Jay H. Merrill signed the application of his son for an operator's license as required by section 24, chapter 147, Statutes of 1919, at page 223, then in force. The statute does not prescribe any particular form for the applicant for a license to sign. It does not prescribe any contract nor formula of words for the parent of a minor to sign. But it is declared unlawful for a parent to knowingly permit his child to drive a motor vehicle without having obtained a license. It is provided that no license shall be granted to a minor unless the parent shall have joined in the application by signing the same, and finally that the negligence of the minor shall be imputed to the one so joining, who is declared to be

jointly and severally liable with the minor for the latter's negligence.

Since this appeal was perfected the case of *Lackey* v. *Olds & Stoller Inter-Exchange*, 80 Cal. App. 687 [252 Pac. 672], has been decided. There the precise point was determined adversely to appellant's contention here. It was there held that the liability of an uncle for the negligent driving of an automobile by his nephew was created by law and that the uncle in signing his minor nephew's application for a chauffeur's license did not breach the condition of the policy against assuming a liability.

In *Buelke* v. *Levenstadt*, 190 Cal. 684 [214 Pac. 42], the supreme court fully considered and upheld the constitutionality of the act which imputes the negligence of the minor to the person who shall have signed his application for a license. If the liability was created by contract instead of by statute, there would have been no constitutional question to consider.

In *Idemoto* v. *Scheidecker*, 193 Cal. 653, 658 [226 Pac. 922], the fact of a license having been issued to a minor upon the application of his father under this statute was said to have had the effect of charging the father (in the language of the statute) with joint and several liability, citing *Buelke* v. *Levenstadt*, 190 Cal. 684 [214 Pac. 42].

We therefore hold that the appellant is liable under the terms of its policy even though the policy contained the provision that it should not cover liability assumed by the assured under any contract or agreement.

[2] Appellant also claims the complaint in this action is insufficent for failure to allege the insolvency of the insured. It claims the right of the injured person to sue the insurance company directly is limited to a case where he can allege and prove the insolvency of the insured. This question requires an interpretation of the rider to the policy attached in compliance with chapter 367, Statutes of 1919, page 776, which requires such an insurance policy to contain "a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy *and* stating that in case judgment shall be secured against the insured in an action brought by the injured person or his heirs or personal

representatives in case death resulted from the accident, then an action may be brought against the company, on the policy and subject to its terms and limitations, by such injured person," etc.  The policy rider followed substantially the same wording as the part of the statute quoted.

We are unable to agree with appellant.  The statute and the rider state two independent propositions connected by a conjunction (which we have italicized above), both of which are required.  The statute requiring the policy to contain "a provision that insolvency . . . shall not release . . . and stating that, in case judgment shall be secured . . . then an action may be brought, . . . " would not be satisfied by a rider stating "that an action may be commenced in case a judgment shall be secured but only in case the insured is insolvent."  The rider does not attempt to do so.  It is as broad as the statute.

Appellant refers to some language used in *Lackey* v. *Olds & Stoller Inter-Exchange, supra,* which implies that the action by an injured party against the insurance company directly is limited to cases of insolvency of the insured.  As indicated by the opinion itself, we find upon examination that clause H of the policy there was quite different from the clause here under consideration.  It stated, "except, that the insolvency or bankruptcy of the subscriber (insured) shall not relieve the Exchange from the payment of indemnity provided by the policy, but shall entitle the claimant to maintain an action against the Exchange . . . " The court does not hold this language to be a compliance with the statute, but was merely explaining how the action came to be brought directly against the insurance carrier. The clause there stated that insolvency shall entitle the injured one to maintain a direct action, while here the clause states "and in case judgment shall be secured . . . then an action may be brought."

It is ordered that the judgment appealed from be and the same is hereby affirmed.

Sturtevant, J., and Nourse, J., concurred.