[Civ. No. 17322. First Dist., Div. One. July 8, 1957.]

ANTHONY FRANCIS FAZZINO et al., Appellants, v. IN-
SURANCE COMPANY OF NORTH AMERICA (a Cor-
poration), Respondent.

Lange & Rockwell for Appellants.

Barfield & Barfield for Respondent.

BRAY, J.—Plaintiffs appeal from a judgment in favor of defendant and purport to appeal from denials of motions for new trial and to vacate judgment and enter a different judgment.[1] The record does not show when the motion to vacate judgment was determined.[2] Defendant contends that plaintiffs' notice of appeal was filed before this motion was decided, and points out that the time to appeal from the judgment was extended during the pendency of this motion and that therefore the appeal from the judgment was premature. ■ Assuming it was premature, such fact would not make the appeal void. (See Rules on Appeal, 2 (c); 3 Cal.Jur.2d 654; 3 Witkin, California Procedure, 2301-2302.)

## QUESTION PRESENTED

■ Did the insurance policy insure plaintiffs against the liability imposed upon them by section 352, Vehicle Code, for negligence of their minor son in operating a third person's automobile with their and the latter's permission?

## FACTS

Plaintiffs' action was for declaratory relief and damages for breach of insurance and indemnity contract, mainly to obtain a determination of defendant's liability in the action here-

---

[1]An order denying motion for new trial is not appealable (*Hamasaki* v. *Flotho*, 39 Cal.2d 602, 608 [248 P.2d 910]) and hence must be dismissed.

[2]It was noticed for hearing for April 2, 1956. The same day the motion for new trial was heard and denied.

after mentioned brought by one Selna against plaintiffs and to recover attorney's fees, expenses and costs incurred and to be incurred by plaintiffs in the defense of that action, and in the prosecution of this. The court found that the insurance policy in question did not insure plaintiffs for liability under the circumstances of this case.

Plaintiffs obtained defendant's extended coverage automobile insurance policy in standard form. Approximately six months thereafter plaintiffs' minor son (16 years old) obtained an operator's license, the application therefor having been signed by plaintiffs as required by section 350, Vehicle Code. Shortly thereafter and while the policy was still in force said minor was driving a *Chevrolet* automobile belonging to one Ralph E. Smith, with the latter's permission and that of plaintiffs, and was involved in an automobile-pedestrian accident with Lawrence Selna, a minor. Selna brought suit against plaintiffs, their minor son, Smith and others, for damages for injuries received by him in that accident. While there may have been other grounds alleged in the Selna complaint upon which recovery was sought against plaintiffs, the only ground called to the attention of the court below was the allegation that plaintiffs' liability to Selna was based upon the fact that plaintiffs signed the son's driver's license application.[3] As stated by the court and agreed to by the parties, "the simple question involved" was "this boy drove another car other than the car described in the policy, and the question is whether the policy is broad enough to cover the assumed liability that parents take when they sign the application for a driver's license." For that reason[4] and the fact that the determination of this question makes it unnecessary, we are not discussing the other points raised by the parties on this appeal.

Plaintiffs, claiming that the insurance policy covered them as against any liability in the Selna action, demanded that defendant defend them in that action. Defendant refused, claiming that the policy did not so cover plaintiffs.

### EFFECT OF THE POLICY

The policy names plaintiffs as the insureds. It describes the insured automobile as "1947 DE SOTO (1B) SUBURBAN 4 DOOR SEDAN" and gives the motor number. The policy

---

[3] For liability of parent signing application for minor's driver's license, see section 352, Vehicle Code; *Lackey* v. *Olds & Stoller Inter-Exchange*, 80 Cal.App. 687 [252 P. 672].

[4] See 3 Witkin, California Procedure, 2264-2267.

explains that the symbol "1B" means "the automobile is customarily used in the course of driving to or from work and the distance driven is less than 10 road miles one-way, and there is no operator of the automobile under 25 years of age resident in the named insured's household or employed as a chauffeur of the automobile, and use of the automobile is not required by or customarily involved in the occupational duties of any person." The coverage for both bodily injury and property damage liability is "To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages . . . arising out of the ownership, maintenance or use of the automobile." ". . . 'Insured' includes the name Insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named Insured or with his permission." "Except where stated to the contrary, the word 'automobile' means: (1) Described Automobile—the motor vehicle or trailer described in this policy; (2) Utility Trailer . . .; (3) Temporary Substitute Automobile— . . . (4) Newly Acquired Automobile— . . ."

It is obvious that none of the above mentioned provisions cover a situation where the insureds' son is driving a third person's automobile. Plaintiffs contend, however, that provision V, "Use of Other Automobiles" coverage does. This provides: "If the named Insured is an individual who owns the automobile classified as 'pleasure and business' or husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for bodily injury liability and for property damage liability with respect to said automobile applies with respect to any other automobile, subject to the following provisions: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'Insured' includes (1) such named Insured, (2) the spouse of such individual if a resident of the same household and (3) any other person or organization legally responsible for the use by such named Insured or spouse of an automobile not owned or hired by such other person or organization. Insuring Agreement III, Definition of Insured, does not apply to this insurance." Section (b) provides that the insuring agreement does not apply to certain automobiles, such as hired automobiles, automobiles used in the business of the named insured, and not operated by such named insured, spouse, chauffeur or servant.

A study of paragraph V forces the conclusion that the coverage thereby provided is for bodily injury and property damage liability of the named insured in connection with automobiles other than the named automobile regardless of whether such automobile is used by the named insured. There is nothing in the policy to limit the coverage to the insured's use of other automobiles. It covers the named insured's liability arising from the use of other automobiles no matter who causes that liability, the named insured or some other person. Paragraph I of the policy extends coverage to the named insured for liability arising from the "ownership, maintenance or use of the automobile" (the De Soto). Paragraph V extends to the "named Insured" with respect to "any other automobile" "such insurance as is afforded by this policy" to "said automobile" (the De Soto). Thereby *any* liability for bodily injury or property damage from the ownership, maintenance or use of the other automobile is covered. As the coverage for liability from the use of the De Soto is not dependent upon personal use by the named insured, so coverage for liability from the use of other automobiles is not dependent upon personal use of such other automobile by the named insured.

Defendant would read paragraph V as if it said that the insurance afforded by the policy with respect to the named insured's liability when other automobiles are involved arises only upon use of such other automobile by the named insured. We find no such restriction. Paragraph V is broad as to coverage; it is restrictive only as to the persons whose liability is covered. Thus paragraph III of the policy defines as "Insured" persons additional to those who are covered under paragraph V, section (a), subdivisions 1, 2 and 3. Paragraph V extends to the three classes of persons, two of which are the named insured and his spouse, the same coverage from the use of other automobiles as is provided for the use of the De Soto, and as the coverage as to the latter is not dependent upon its personal use by the insured and the spouse, so is the coverage as to other automobiles not so dependent.

If there is any ambiguity in the clauses of the policy hereinbefore discussed (and we believe there is not) such ambiguity must be resolved in favor of the insured. (*Island* v. *Fireman's Fund Indem. Co.*, 30 Cal.2d 541 [184 P.2d 153, 173 A.L.R. 896]; *Wildman* v. *Government Emp. Ins. Co.*, 48 Cal.2d 31, 35 [307 P.2d 359].)

Defendant cites 5A American Jurisprudence, pages 86-87,

section 88, which refers to policies containing "use of other automobile" clauses as supporting defendant's position. It does not do so. It, however, states: "The construction of such clause is governed by the rules of construction employed generally in the interpretation and application of contracts of insurance." It is these rules that we have applied.

 Plaintiffs employed attorneys to represent them in the Selna action and were successful in defeating the Selna claim. As plaintiffs were covered by said policy it was the duty of defendant to defend them in said action. (Said policy contained the usual requirement of defending the insured even though the suit against the insured should prove groundless.) Therefore plaintiffs are entitled to recover the costs and reasonable attorney's fees in defending said action. (See Civ. Code, § 2778, and *Arenson* v. *National Auto. & Cas. Ins. Co.*, 48 Cal.2d 528 [310 P.2d 961], for right to attorney's fees for services rendered in the personal injury action where insurer's refusal to defend is unwarranted.)

However, plaintiffs are not entitled to attorney's fees in the bringing of this action. There is neither statutory authority nor any provision in the policy which would justify allowing such fees. (See *Bank of America* v. *West End Chemical Co.*, 37 Cal.App.2d 685, 696 [100 P.2d 318].)

 The policy states that the reference "1B" in the description of the named automobile means among other things that there is no operator of the automobile under 25 years of age resident in the named insured's household. At the time of the issuance of the policy plaintiffs had no such person in their household. The fact that their son thereafter became of an age to permit him to operate an automobile would and did in nowise affect the terms of the policy. This was a mere recital and none of the terms of the policy were contingent upon the statement continuing to be true.

The purported appeal from the order denying the new trial is dismissed. The judgment and the order denying the motion to vacate judgment are reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 4, 1957.