**The BUCKEYE UNION CASUALTY COMPANY, Plaintiff-Appellee,**

v.

**Robert E. BELL et al., Defendants (Robert E. Bell, Appellant).**

**No. 12063.**

United States Court of Appeals Seventh Circuit.

Oct. 31, 1957.

Rehearing Denied Nov. 26, 1957.

David E. Rosenfeld, Robert G. Wolfe, Rosenfeld, Wolfe & Allen, Terre Haute, Ind., for defendant-appellant.

Benjamin G. Cox, Gambill, Dudley, Cox, Phillips & Gambill, Terre Haute, Ind., for plaintiff-appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and HASTINGS, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Robert E. Bell, defendant, has appealed from orders of the district court denying certain defendants' motion for summary judgment and granting plaintiff's motion for summary judgment, and from its judgment adjudicating that plaintiff has no obligation to defendant Robert E. Bell (hereinafter referred to as "defendant"), the named insured in an automobile liability policy issued by plaintiff, in respect to an automobile accident occurring in Pennsylvania while said policy was in effect.

Plaintiff's action sought a declaratory judgment that it is not required by said policy to defend Robert E. Bell or anybody else in another action pending in the court below or to pay any judgment that might be recovered in that action. The other pending action (referred to herein as the "Weigle case") is Virginia J. Weigle, administratrix, et al., v. Ralph E. Brill, administrator of the estate of Joseph Bell, deceased, et al. In the case before us plaintiff sued the persons who are plaintiffs in the Weigle case,[1] said defendant Robert E. Bell and Ralph E. Brill, administrator of the estate of Joseph Bell, deceased.[2]

It is admitted that no material fact issues exist in this case. The undisputed relevant facts we now state.

The Weigle case plaintiffs charged Joseph Bell with negligence in the operation of a certain motor vehicle which was involved in a collision on April 17, 1955. That vehicle was not owned by defendant or by Joseph Bell, now deceased, or described in said policy. The Weigle case raises issues concerning the liability, if any, of defendant to the plaintiffs

in that case. The Weigle complaint alleged, *inter alia:*

"Prior to the time of the collision complained of herein the defendant Robert E. Bell signed Joseph Bell's application for an Indiana Motor Vehicle Operator's License, and in so doing the defendant Robert E. Bell made a written undertaking as a part of said application wherein the defendant Robert E. Bell agreed to be responsible, jointly and severally with the said Joseph Bell, for any injury or damage which said Joseph Bell might cause by reason of Joseph Bell's operation of a motor vehicle in all cases where Joseph Bell is liable in damages."[3]

The policy provides bodily injury and property damage liability and comprehensive coverage for a certain described Pontiac automobile. Item 5 of the "Declarations" in the policy describes the purpose for which the Pontiac is to be used as "business and pleasure."

The policy recites that plaintiff agrees with defendant, in part:

"I. Coverage A—Bodily Injury Liability—To Pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\*   \*   \*   \*   \*

"II. Defense \* \* \* As respects the insurance afforded by the

1. Virginia J. Weigle, administratrix of the estate of Edward T. Weigle, deceased, Virginia J. Weigle, Charles Weigle, by his next friend, Virginia J. Weigle, and Margaret Ann Weigle, by her next friend, Virginia J. Weigle.

2. Other defendants named in the Weigle case are not involved here.

3. At the time of the collision, according to the opinion filed by the district court, Joseph Bell was a minor. This fact is

not disputed by either side, although whether he was under the age of 18 does not affirmatively appear in the record. From the fact that, in order to get a driver's license, defendant herein signed Joseph Bell's application, it seems to be assumed that Joseph was then under the age of 18 years. Whether he was related in any way to defendant is, on this record, a matter of conjecture. Anyhow, that is immaterial.

other terms of this policy under coverages A and B the company shall: (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof * * *

* * * * *

"IV. Automobile Defined * * (a) Automobile. Except where stated to the contrary, the word 'automobile' means: (1) Described Automobile—the motor vehicle or trailer described in this policy. * * *

* * * * *

"V. Use of Other Automobiles. If the named insured is an individual who owns the automobile classified as 'pleasure and business' or husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for bodily injury liability, for property damage liability and for medical payments with respect to said automobile applies with respect to any other automobile, subject to the following provisions:

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes (1) such named insured, (2) the spouse of such individual if a resident of the same household and (3) any other person or organization legally responsible for the use by such named insured or spouse of an automobile not owned or hired by such other person or organization. Insuring Agreement III. Definition of Insured, does not apply to this insurance.

"(b) This insuring agreement does not apply:

"(1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use to, the named insured or a member of his household other than a private chauffer or domestic servant of the named insured or spouse;

"(2) to any automobile while used in the business or occupation of the named insured or spouse except a private passenger automobile operated or occupied by such named insured, spouse, chauffeur or servant;

"(3) to any accident arising out of the operation of an automobile repair shop, public garage, sales agency, service station or public parking place;

"(4) under coverage C, unless the injury results from the operation of such other automobile by such named insured or spouse or on behalf of either by such chauffer or servant, or from the occupancy of said automobile by such named insured or spouse."

In a part of the policy entitled "Exclusions", it is provided, in part:

"This Policy Does Not Apply: * * *

"(b) under coverages A, B, and C, to liability assumed by the insured under any contract or agreement, * * *."

In that part of the policy entitled "Conditions", it is provided, in part:

"16. Assistance and Cooperation of the Insured * * * The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident. * * *"

Also:

"23. Terms of Policy Conformed to Statute. Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

Count II of plaintiff's complaint averred the following (summarized) facts,

which are admitted by defendants' answer:

"(1)  The automobile involved in the collision of April 17, 1955 operated by Joseph Bell was not the automobile specifically described in the Policy, and Joseph Bell was 'not the named insured under the policy * * *';

"(2)  Neither defendant nor any person for his use or benefit drove, maintained, used or owned the automobile involved in the collision in the Weigle case, nor did defendant's wife drive, operate, use or maintain said automobile;

"(3)  Neither defendant, 'the named insured under' the policy, nor his wife, exercised any control over Joseph Bell during the relevant period; nor did Joseph Bell during that period operate the automobile involved in the collision for the use or benefit of either defendant or his wife;

"(4)  Joseph Bell operated the automobile for the sole use and benefit of himself or others, not for the use or benefit of defendant or defendant's wife; and Joseph Bell exercised no control over, nor responsibility for, any activities of defendant or defendant's wife; and neither defendant nor his wife nor Joseph Bell had any 'connection, understanding or any arrangement' among themselves concerning the operation or use of the automobile involved in the collision;

"(5)  By 'reason of the above and foregoing allegations,' Joseph Bell was neither the named insured nor an insured of any kind under the Policy."

At all times relevant in this case, there was in force a driver's license statute in Indiana (Burns' Ind. Statutes 1952, Sec. 47-2706) which, so far as now involved, reads as follows:

"(c)  The application, of any person, under the age of eighteen [18] years, for any permit or license to be issued under the provisions of this act, shall be signed and sworn to or affirmed before a person authorized to administer oaths, by the father of the applicant, if the father is living and has custody of such applicant, otherwise by the mother or guardian having the custody of such applicant, or in the event neither parent is living and the applicant has no guardian, then by the person having custody of him or by an employer of such applicant and in the event there is no parent, guardian, or employer, then by any other responsible person, who is willing to assume the obligations imposed upon him by the provisions of this section.

"(d)  Any person so signing such application as above provided thereby agrees to be responsible, jointly and severally with such applicant, for any injury or damage which such applicant may cause by reason of the operation of a motor vehicle, in all cases where the applicant is liable in damages.

"(e)  Any person, who has so signed the application of such applicant for a permit or license, may thereafter file with the department a verified written request that such permit or license so granted be canceled.  Thereupon the department shall cancel such permit or license and the person, who signed the application of such minor applicant, shall be relieved from the liability imposed under this section, by reason of having signed such application, thereafter incurred by such minor in operating a motor vehicle.

"(f)  When such minor applicant reaches the age of eighteen [18] years, the person who has signed said minor's application shall be relieved from the liability, imposed under this section, thereafter incurred by such minor in operating a motor vehicle under this section."

The Weigle case plaintiffs assert liability against Robert E. Bell because he signed the application of Joseph Bell for a driver's license under the Indiana statute "wherein [they say] the defendant Robert E. Bell agreed to be responsible for any injury or damage which said Joseph Bell might cause by reason of Joseph Bell's operation of a motor vehicle in all cases where Joseph Bell is liable for damages."

Plaintiff relies on its policy provision excluding coverage of liability assumed by the insured under any agreement. It argues that defendant, in signing such application *agreed* to assume liability for the injuries alleged to have been caused by Joseph Bell. For this reason, *inter alia*, it contends that the policy does not provide coverage with respect to the liability asserted against defendant by the plaintiffs in the Weigle case and does not impose any obligation on plaintiff to defend that action. We agree.

Our conclusion is not affected by defendant's argument that insuring agreement V—Use of Other Automobiles—applies to this case. That clause is limited by its specification that the unqualified word "insured" includes the named insured and his spouse, if a resident of the same household, and any other person or organization legally responsible for the use by the named insured or spouse of an automobile not owned or hired by such other person or organization. From a careful consideration of this language, it becomes obvious that Joseph Bell is not a person included in insuring agreement V.

The cases of Lackey v. Olds & Stoller Interexchange, 80 Cal.App. 687, 252 P. 672, and Marple v. American Automobile Ins. Co., 82 Cal.App. 137, 255 P. 260, relied on by defendant, are inapplicable here because they are distinguishable both on the facts and the law.

For the reasons aforesaid, the judgment of the district court is affirmed.

Affirmed.