[Civ. No. 20079. First Dist., Div. Three. Jan. 8, 1963.]

JOHN M. WISDOM et al., Plaintiffs and Appellants, v. EAGLE STAR INSURANCE COMPANY, LTD., Defendant and Respondent.

Lacey, Holbrook & Meyenberg and Richard E. Holbrook for Plaintiffs and Appellants.

Hoge, Fenton, Jones & Appel and Robert O. Angle for Defendant and Respondent.

DEVINE, J.—Plaintiffs, appellants, are husband and wife, John and Hermain Wisdom, and their son Bobbie Lee Wisdom and they have brought this action against an insurance company which had issued an automobile garage liability policy to plaintiff John Wisdom. During the effective period of the policy, on August 9, 1958, Bobbie Lee Wisdom, then a minor, drove an automobile which became involved in an accident in which persons named Moore and Vierra were injured. The automobile driven by Bobbie was not owned by the Wisdoms, but by Virgil Scott, who is not a party to this case. There is no allegation that the son was agent of his parents at the time. The Wisdoms, father and mother, had signed a driver's license application for their son. The injured persons brought an action against all of the Wisdoms. Demand was made upon defendant herein to provide defense, but it refused to do so. Judgments totaling $18,732.50 were awarded to the injured parties against Bobbie Lee Wisdom, and judgment against the senior Wisdoms in amount $10,000, as the maximum allowable for injuries to more than one person by imputed liability because of signing the application, under Vehicle Code section 17709.

Demurrer to plaintiffs' complaint on the insurance policy was sustained with leave to amend, plaintiffs declined to amend, judgment for defendant was entered, and from this plaintiffs appeal.

Appellants' contentions are: (1) that the insurance policy is an "operator's policy"; (2) that under section 415 of the Vehicle Code (this was the number of the code section at the time of the accident), an operator's policy must cover liability imposed on the insured arising out of use by him of a non-owned motor vehicle; and (3) that use by the insured includes use by anyone whose application for driver's license was signed by the insured.

 The policy contains the following clause with reference to non-owned automobiles: "Definition of Hazards . . . Division 2—Premises—Operations—Automobiles Not Owned or Hired: The ownership, maintenance or use of the premises for the purpose of an automobile repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the use in connection with the above defined operations of any automobile not owned or hired by the named insured, a partner therein or a member of the household of any such person." It will be observed that the policy limits the coverage to use in connection with the garage operations. This limitation, however, cannot avail respondent if the policy is an operator's policy, because section 415 of the Vehicle Code is incorporated into every such policy. (*Interinsurance Exchange* v. *Ohio Casualty Ins. Co.*, 58 Cal.2d 142 [23 Cal.Rptr. 592, 373 P.2d 640].) The section[1] reads as follows: "(c) Such operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed on him by law for damages arising out of use by him of any motor vehicle not owned by him, within the same territorial limits and subject to the same limits of liability as are set forth above with respect to an owner's policy of liability insurance." The code section does not limit the coverage to use in connection with any particular business.

 The Vehicle Code does not define "operator's policy." It is evident, however, from reading section 415 (since 1959, by reading sections 16450, 16451 and 16452 of the Vehicle Code) that distinction is made between an "owner's policy" and an

---

[1]This part of former section 415 of the Vehicle Code has become, by general revision and renumbering of that code, section 16452 thereof.

"operator's policy," the former covering particular vehicles, and the latter covering persons using nonowned vehicles. Because of our decision, expressed below, as to the meaning of the code section relating to use of nonowned vehicles, and because of the lack of definition of "operator's policy," we shall assume, for present purposes, without deciding, that Division 2 of the garage owner's policy constitutes an operator's policy, and that under the Vehicle Code section it is not limited to the garage operations.

We are of the opinion that the code section, by its requirement that the policy cover liability imposed "on him" by law for damages arising out of use by "him" of any motor vehicle not owned by "him" (the antecedent of the pronoun being "the person named as insured"), does not incorporate into the policy coverage for liability imposed on the named insured for damages arising out of use by his son, whose application the insured had signed. We believe "use by him" does not mean "use by him or by anyone through whose use liability may be imputed to him." We recognize that the purpose of financial responsibility laws is to give monetary protection to the persons lawfully using the highways, and that they are to be construed liberally. (*Continental Casualty Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 434, 435 [296 P.2d 801, 57 A.L.R.2d 914] ; *American Automobile Ins. Co.* v. *Transport Indem. Co.*, 200 Cal.App2d 543 [19 Cal.Rptr. 558].) This proposition, however, does not vitiate the elementary principle that the judicial function is simply to ascertain and declare what is in terms or in substance contained in the statute, not to insert what has been omitted, or omit what has been inserted. (Code Civ. Proc., § 1858.) Courts cannot depart from the meaning of language in a statute which is free from ambiguity, even though the consequence would be to defeat the object of the statute. (*Anderson* v. *I. M. Jameson Corp.*, 7 Cal.2d 60, 68 [59 P.2d 962].) We have no means of knowing, anyway, that it was the object of the Legislature to incorporate into every operator's policy coverage of the insured for the acts of any minor whose application for driver's license he may choose to sign and be qualified to sign. (A minor's application may be signed by, and the minor's liability imputed to, parents [Veh. Code, § 17701], an adult spouse [Veh. Code, § 17702], persons having custody of the minor if the minor is a nonresident [Veh. Code, § 17703].) It is to be noted that there is no allegation in the complaint of agency for the parent of the minor, nor is there any allegation that

the driving of the vehicle by the minor at the time of the accident, was of advantage to the parents.

Whether such allegations would have brought the case within section 415, we need not decide.

A brief discussion of three cases cited by appellants is in order. In each of them there was no problem of interpretation of a statute, but of interpretation of an insurance policy, so that the familiar rule would apply that in insurance law any ambiguity or uncertainty in the policy is to be resolved against the insurer. In *City of Santa Monica* v. *Royal Indemnity Co.*, 157 Cal.App.2d 50, 55 [320 P.2d 136], the policy which covered the city against loss "caused by accident and arising out of . . . use of the automobile" was held to cover the liability of the city for a defective manhole cover over which the insured automobile, owned by a private corporation, was driven. The insurance company must have collected the premium, the court held, for this type of liability, else it would have been collecting for a meaningless policy, because the city was not responsible for the operation of the vehicles themselves. In *American Automobile Ins. Co.* v. *Transport Indem. Co.*, 200 Cal.App.2d 543 [19 Cal.Rptr. 558], the word "using" in relation to a truck was held to include loading and unloading. As was pointed out, at page 549 of that case, the policy did not refer to use of the truck by the insured, but merely "use of any automobile." In *Fazzino* v. *Insurance Co. of North America*, 152 Cal.App.2d 304 [313 P.2d 178], the policy in its "use of other automobiles" clause provided, as to use of nonowned vehicles, "such insurance as is afforded by this policy" to the described owned vehicle, and the liability in respect of the owned vehicle was not limited to use by the insured. The court held that there was a carry-over of the same insurance that covered an owned vehicle, to liability which was caused by the insured's minor son's negligent operation of a nonowned vehicle. The statute expressly permits coverage in excess of or in addition to that which is required thereunder. (Veh. Code, § 415, subd. (d), now Veh. Code, § 16453.)

In all of these cases, the terms of insurance voluntarily selected by the carrier were quite different from the statutory liability imposed by section 415 of the Vehicle Code.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.