STURGIS, Chief Judge.
The appellant, plaintiff below, appeals from a judgment on the pleadings in favor of appellee, defendant below, entered on the pleadings pursuant to Rule 1.11, Florida Rules of Civil Procedure, 30 F.S.A. The judgment contains a finding, based exclusively on the pleadings, “that no cause of action exists in favor of the Plaintiff under the policy of insurance sued upon.” We reverse.
The material and well-pleaded matters of fact supporting appellant’s claim, which facts are taken as true for the purpose of testing the judgment on the pleadings appealed, reveal that appellant is the owner of an automobile insurance policy issued to him by appellee providing sundry benefits, including indemnity against loss in the premises hereinafter mentioned; that during the term of said policy appellant was involved in an automobile accident while driving a motor vehicle owned by one Orvid Hamrick, as a result of which Hamrick brought an action for damages against appellant; that appellee breached said, insurance contract by failing and refusing to defend -appellant, the defendant in said action. Attached to the .complaint herein'is a letter from the appellee’s adjuster dated June 11, 1962, addressed to appellant, returning to appellant the summons and complaint in the action brought by Hamrick and advising appellant that under the terms of said policy the appellee owed him no defense of said suit and that no protection was afforded to him in the premises. Hamrick obtained a judgment against appellant on March 11, 1963, in the sum of approximately $800 and appellant made two written demands upon appellee to discharge the same. Appellee refused to do so and appellant thereupon brought this suit upon the policy to recover damages thus sustained for breach thereof, together with his attorney’s fees and costs herein.
Appellee filed an answer admitting the issuance of the policy, the fact that the accident occurred, and that Hamrick recovered a judgment as aforesaid, but denied the other allegations of the complaint and specially pleaded a provision of the policy in support of a defense that “the Defendant did not breach its insurance policy by refusing to defend said action [suit by Hamrick] in behalf of Plaintiff [appellant] or by refusing to satisfy said Judgment.” Appellee then moved the court for judgment on the pleadings on the ground that the undisputed .facts appearing in the complaint and answer thereto demonstrate that plaintiff failed to state a cause of action against the defendant upon which relief could be granted, and thereupon the judgment appealed was entered.
The sole issue on appeal is whether the trial court erred in entering judgment for appellee on tire pleadings. At the oral argument before this court appellant insisted and appellee tacitly acknowledged that the insurance policy sued upon did in fact provide coverage indemnifying appellant against loss on account of the acts resulting in the judgment recovered against him by Hamrick.
By Article VI(2) of the subject policy, coverage is expressly extended to *227 'include an automobile being .used by the insured under circumstances such as here involved-:
“VI. (2) [Insurance afforded under] Coverages A and B shall apply to a private passenger automobile, except a temporary substitute land motor vehicle, not owned or stolen by the Policyholder or a member of the same .household while in the actual possession of the Policyholder first named in the Declarations if an individual, and to -his spouse or the relatives 'of either if a resident of the same household, except to losses:
'“(a) arising out of the operation of an •automobile repair shop, public garage ■or parking place, sales agency or service station;
“(b) occurring while the automobile is furnished for regular use to such Policyholder or a member of the same household.”
This is commonly known as the “drive other .automobiles” clause of the contract, the general purpose of which is to extend coverage to the insured when he is engaged in infrequent and casual use of an automobile other than the one described in the policy. Campbell v. Aetna Casualty & Surety Co., 211 F.2d 732 (C.A. 4) (1954); Miller v. Farmers Mutual Automobile Ins. Co., 179 Kan. 50, 292 P.2d 711 (1956); Travelers Indemnity Co. v. Pray, 204 F.2d 821 (C.A. 6) (1953).
We deem it appropriate to note, though it is not essential to a determination of the issue on this appeal, that upon the oral argument counsel conceded that, since the filing of this suit appellee has either paid or tendered to appellant the amount of the judgment recovered against him by Hamrick, together with interest at the legal rate thereon from the date appellant filed a formal proof of loss with appellee to the date of such payment or tender, as the -case may be. Assuming such to be the fact, it is not determinative of the question of whether the appellee is obligated, under the. facts of this case, to respond to appellant for reasonable attorney’s fees incurred or allowable for the services of his attorney in and about this suit.
Accordingly, the judgment appealed is reversed and this cause is remanded for proceedings consistent herewith.-
WIGGINTON and CARROLL, DONALD K., JJ., concur. .