[Civ. No. 912.    Fifth Dist.    May 2, 1968.]

ANSELMO MARTINEZ, Plaintiff and Appellant, v. ALLSTATE INSURANCE CO., Defendant and Respondent.

O'Connor & Lewis and John B. Lewis for Plaintiff and Appellant.

Fitzwilliam, Memering, Stumbos & DeMers and T. D. Bolling, Jr., for Defendant and Respondent.

STONE, J.—Plaintiff appeals from an adverse summary judgment in a declaratory relief action to determine defendant insurer's liability under a motor vehicle liability insurance policy. Defendant issued the policy to plaintiff, describing a 1956 Chevrolet automobile and a 1957 Plymouth automobile owned by him. Plaintiff's minor son, Herman, was not mentioned in the policy, nor, for that matter, were any of plaintiff's children.

During the time the policy was in effect, Herman bought a 1955 Dodge automobile with his own money. It is not contended that plaintiff had any interest in or control over the Dodge automobile. However, plaintiff had signed Herman's application for an operator's license and, as a result, incurred vicarious liability by reason of an accident in which Herman was involved as driver of his own Dodge automobile.

Plaintiff filed this declaratory relief action, alleging the existence of the policy, his liability by reason of Vehicle Code section 17707, that defendant refused to defend the lawsuit arising from an accident of Herman's which resulted in plaintiff being sued as a defendant therein, which is the basis for the dispute between plaintiff and defendant. Plaintiff also sought attorney's fees incurred by reason of having to engage the services of an attorney to represent him.

Defendant answered, asserting that Herman and his automobile were not covered under the policy so there was no obligation upon defendant to defend plaintiff as to his alleged

vicarious liability. Summary judgment was entered for defendant.

▉ Plaintiff argues, first, that since his liability is statutory, public policy requires coverage as a matter of law. He finds a basis for this theory in the following language of *Wildman* v. *Government Emp. Ins. Co.*, 48 Cal.2d 31, 40 [307 P.2d 359] : "Inasmuch as sections 402 and 415 of the Vehicle Code set forth the public policy of this state such laws must be considered a part of every policy of liability insurance even though the policy itself does not specifically make such laws a part thereof."

But the facts of our case are not apposite to *Wildman*, where the automobile involved in the accident was covered by the policy and the insurance company attempted to evade liability arising from the operation of the covered vehicle. Here, the automobile was *not* covered by the policy.

*Interinsurance Exchange* v. *Ohio Cas. Ins. Co.*, 58 Cal.2d 142 [23 Cal.Rptr. 592, 373 P.2d 640], cited by plaintiff, approved the language of *Wildman* but, again, the court was concerned with imputed or statutory liability imposed upon the insured as the owner of a motor vehicle covered by the policy. The upshot of the holding is that certain uses of a covered vehicle cannot be excluded. At page 150 the court explains that the doctrine of the *Wildman* case was to "effectuate the public policy of the state by making 'owners of motor vehicles financially responsible to those injured by them *in the operation of such vehicles,*' " and that "any provision in a policy which purported to exclude certain classes of *permissive users* from coverage was declared to be contrary to this public policy and, therefore, void." (Italics added.)

Plaintiff's liability here was not predicated upon ownership of the vehicle or its permissive use. The minor was driving a vehicle not covered by the policy, and he himself was not named as an insured.

It is asserted that plaintiff is covered under the "Use of Other Automobile" provisions of the policy, relying upon *Fazzino* v. *Insurance Co. of North America*, 152 Cal.App.2d 304 [313 P.2d 178]. However, the *Fazzino* case turns upon the ambiguous language of the policy which the court construed against the insurance carrier. The court said, at page 308 : "A study of paragraph V forces the conclusion that the coverage thereby provided is for bodily injury and property damage liability of the named insured *in connection with automobiles other than the named automobile regardless of whether such*

*automobile is used by the named insured.* There is nothing in the policy to limit the coverage to the insured's use of other automobiles. It covers the named insured's liability arising from the use of other automobiles *no matter who* causes that liability, the named insured or some other person." (Italics added.)

The same ambiguity does not appear in the policy before us. Not only is the affirmative or covering language applicable to use of "other automobiles" limited to use by the insured and his spouse, but there is also the following specific exclusion under "Use of Other Automobiles": "(d) This insuring agreement does not apply: (1) to any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse. . . ."

The points raised by plaintiff in this case were discussed by the court in *Wisdom* v. *Eagle Star Ins. Co.*, 211 Cal.App.2d 602 [27 Cal.Rptr. 599]. ■ The facts of that case parallel those before us, and the court had this to say: "We are of the opinion that the code section, by its requirement that the policy cover liability imposed 'on him' by law for damages arising out of use by 'him' of any motor vehicle not owned by 'him' (the antecedent of the pronoun being 'the person named as insured'), does not incorporate into the policy coverage for liability imposed on the named insured for damages arising out of use by his son, whose application the insured had signed. We believe 'use by him' does not mean 'use by him or by anyone through whose use liability may be imputed to him.' ■ We recognize that the purpose of financial responsibility laws is to give monetary protection to the persons lawfully using the highways, and that they are to be construed liberally. [Citations.] ■ This proposition, however, does not vitiate the elementary principle that the judicial function is simply to ascertain and declare what is in terms or in substance contained in the statute, not to insert what has been omitted, or omit what has been inserted. [Citation.] ■ Courts cannot depart from the meaning of language in a statute which is free from ambiguity, even though the consequence would be to defeat the object of the statute. [Citation.] We have no means of knowing, anyway, that it was the object of the Legislature to incorporate into every operator's policy coverage of the insured for the acts of any minor whose application for driver's license he may choose to sign and be qualified to sign. (A minor's applica-

758

tion may be signed by, and the minor's liability imputed to, parents [citation], an adult spouse [citation], persons having custody of the minor if the minor is a nonresident [citation].) It is to be noted that there is no allegation in the complaint of agency for the parent of the minor, nor is there any allegation that the driving of the vehicle by the minor at the time of the accident, was of advantage to the parents.'' (Pp. 605-606.)

So, here.

The judgment is affirmed.

Conley, P. J., and Gargano, J., concurred.