PER CURIAM.
This appeal is from a final judgment for $30,000 rendered against the garnishee, Insurance Company of North America, Inc. Elaine Ready recovered a final judgment for $30,000 in a negligence suit against Johnny B. and Willie M. Clements, his wife. She filed a writ of garnishment against the appellant insurance company which had denied coverage prior to the liability trial. It traversed, a hearing was held and final judgment entered which found in part:
******
“The automobile purportedly described in the insurance policy, * * * was an automobile which is not identifiable and on the face of this record is nonexistent.
The automobile which the defendant, Johnny B. Clements, was driving at the time of the accident in question was an automobile which was not furnished for regular use of the insured within the provision of policy Section v(d) (1).”
and concluded:
“That there is no motor vehicle described within the meaning of policy Section IV (a) (1) and that consequently, under the provisions of that definition, the Ford automobile which Johnny *312 B. Clements was driving at the time of the accident and which was owned by his spouse was a described automobile within the meaning of that definition.”
The insurance policy issued by the company to Johnny B. Clements insured an automobile described as a 1959 Mercury Sedan. The record reveals that he was driving a 1949 Ford owned by his wife, Willie, at the time of the accident.
The finding of the trial judge that the 1959 Mercury automobile was not identifiable and was non-existent was apparently based on a certificate from the Motor Vehicle Commissioner of Florida which was admitted over objection. The objection was because the certificate as to the record title to the car was as of March 13, 1969, and the accident occurred on October 28, 1964.
Appellant reasons that the certificate of the motor vehicle commissioner dated March 13, 1969 was without sufficient probative value because such certificate could not give rise to a reasonable inference that title to the 1959 Mercury was not recorded on October 28, 1964, the date of the accident. Even assuming arguendo that the 1959 Mercury was not recorded on the date of the accident, it cannot be further inferred that a non-registered automobile is a non-existent automobile. This violates the prohibition of piling an inference upon an inference. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403.
We believe the certificate of the Motor Vehicle Commission was insufficient to establish that the 1959 Mercury was not registered on October 28, 1964, the date of the accident or thereafter and that it established only that the 1959 Mercury was not registered as of March 13, 1969. Johnny B. Clements testified as follows:
“Q. All right, Sir. What car did you buy the insurance on?
“A. ’59 Mercury.
“Q. All right, Sir. Did you have any insurance at all on the ’49 Ford?
“A. No.
“Q. Were you living at home at the time this accident occurred?
“A. Yes.
“Q. And was both the ’49 Ford and the ’59 Mercury there at your house for you to use”
“A. Yes.
“Q. Did you know at that time that you only had insurance when you were driving the Mercury”
“A. On the Mercury?
“Q. Yes, Sir.
“A. Yes, I did.
“Q. So you knew when you were driving the Ford you had no insurance?
“A. On the Ford, I did know that.
* * * * * *
“Q. Did you ever ask your agent for insurance on the ’49 Ford?
“A. No, we never did get around to it. We had planned to, but we never did get around to it.
* * * * * *
“Q. How long had your wife owned the ’49 Ford?
“A. About a year, I imagine. Yes, about a year.
“Q. Did you drive the ’49 Ford on occasions as well as the ’59 Mercury?
“A. Whichever one was available there, you know. If one was in the front, I get the one, because I always left first.
“Q. So many days prior to this you would drive the ’49 Ford and some *313 days you would drive the ’59 Mercury?
“A. That is right.
“Q. And you knew at that time that you had bought no insurance on the ’49 Ford?
“A. Right.”
Mrs. Clements testified that she owned a 1949 Ford at the time of the accident and that her husband owned the 1959 Mercury and that she owned the 1949 Ford approximately one year prior to the occurrence of the accident.
She was then asked:
“Q. All right. Now did you have any insurance at all on your ’49 Ford?
“A. No, Sir.
“Q. And you knew that you didn’t have any back at that time, is that correct?
“A. Yes, Sir.”
Mrs. Clements also testified that her husband purchased insurance on the 1959 Mercury and that he was in the habit of driving both automobiles before the accident.
We hold that there was no competent and substantial evidence to support a finding that the 1959 Mercury was a nonexistent automobile.
The policy specifically excluded an automobile owned by or furnished for regular use to the named insured or a member of the same household or spouse. In Walters v. Nationwide Mutual Insurance Company, Fla.App.1964, 161 So.2d 225, it was said:
“ * * * [T]he general purpose of [the ‘drive other automobiles clause’] is to extend coverage to the insured when he is engaged in infrequent and casual use of an automobile other than the one described in the policy.”
A somewhat similar exclusionary clause was involved in the medical pay provisions of the policy in question in O’Brien v. Halifax Insurance Co. of Massachusetts, Fla.App.1962, 141 So.2d 307, and the court held in effect that the exclusionary clause involved was unambiguous and the insurance company was free to insert such exemption clause in its policy and was not responsible under its liability policy for risks or causes which had been excepted.
We hold that there is no substantial and competent evidence to support a finding that the 1949 Ford which Johnny Clements was driving at the time of the accident was not furnished for his regular use. The evidence is to the contrary.
The final judgment herein appealed is
Reversed.