305 So.2d 86 (1974)
David HENIGSON et al., Appellants,
v.
James Marion DAVIS et al., Appellees.
Susan Berkowitz, Surviving Natural Mother of Roseanne Berkowitz, a Deceased Minor, Appellant,
v.
James Marion Davis et al., Appellees.
Paul Smith, Individually and/or D/B/a Aaa Smith Plumbing Company, Appellant,
v.
David Henigson et al., Appellees.
Paul Smith, Individually and/or D/B/a Aaa Smith Plumbing Company, Appellant,
v.
Susan Berkowitz, Surviving Natural Mother of Roseanne Berkowitz, a Deceased Minor, et al., Appellees.
Nos. 73-289, 73-312, 73-332 and 73-335.
District Court of Appeal of Florida, Fourth District.
November 8, 1974.
Rehearing Denied January 9, 1975.
Edward A. Perse, Horton & Perse, and Arnold R. Ginsberg, Sams, Anderson, Alper, Spencer & Post, Miami, for appellants  David and Marsha Henigson, individually, and as surviving natural parents of Philip Henigson, and Lori Henigson, a minor, by and through her father and next friend, David Henigson; and Susan Berkowitz, surviving natural mother of Roseanne Berkowitz, a deceased minor.
Burton E. Burdick, Burdick & Donahoe, Fort Lauderdale, for appellant Paul Smith, individually and/or d/b/a AAA Smith Plumbing Co.
Edna L. Caruso, Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellee Travelers Indemnity Co.
Rehearing Denied January 9, 1975 in Nos. 73-289 and 73-312.
*87 MOUNTS, MARVIN U., Associate Judge.
These consolidated appeals followed a ruling by the trial court that an automobile insurance policy issued to the defendant Paul Smith provides no coverage for his possible liability arising from an accident involving a vehicle which he neither owned nor operated.
Smith employed C. Carlton Hayes and James Davis in his plumbing business. Hayes was the owner of a pickup truck. After Hayes was arrested for impaired driving, Smith kept the truck in a lot behind his house. The truck was taken as security for a debt which Hayes owed to Smith.
Smith never drove the truck, but on two occasions he turned it over to Hayes and Davis. Davis drove because Hayes' license had been revoked as a result of the impaired driving charge. On the second occasion, the two men took the truck to go visit a friend. The vehicle was involved in an accident causing injury and death.
The injured parties and survivors, plaintiffs below and (with Smith) appellants here, have assserted two theories of liability against Smith. First, they contend that he is vicariously liable as a bailee under the "dangerous instrumentality" doctrine. See Frankel v. Fleming, 69 So.2d 887 (Fla. 1954); Martin v. Lloyd Motor Co., 119 So.2d 413 (Fla.App. 1960). Second, they claim that he was negligent in entrusting the vehicle to Davis, whom he knew to be an incompetent driver.
Defendant-appellee Travelers Indemnity Co. (Travelers) had issued a policy to Smith covering his personal automobile, a Cadillac. That policy provides in part:

PART I  LIABILITY

COVERAGE A  BODILY INJURY LIABILITY

COVERAGE B  PROPERTY DAMAGE LIABILITY
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
A. bodily injury or
B. property damage
to which this insurance applies, arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile

......

......

PERSONS INSURED
Each of the following is an insured under Part I:

......
(b) with respect to a nonowned automobile,
(1) the named insured,
(2) any relative...
provided actual operation by the named insured or relative or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission... .
......

DEFINITIONS
Under Part I:
"non-owned automobile" means a ... vehicle ... which ... is not owned by or furnished or available for the regular use of either the named insured or any relative... .
The issue of coverage was tried separately. The court held that even though the truck was a non-owned automobile *88 within the above definition, the policy provides no coverage for Smith's potential liability arising from this accident. These appeals followed.
The portion of the policy quoted above is commonly known as the "nonowned automobile" clause. It serves the same general purpose as the "drive other cars" clause, which also appears in many policies. 18 Fla.Jur., Insurance, §§ 760-761 (1971). That purpose is to cover the insured while engaged in infrequent and casual use of an automobile other than the one described in the policy. Walters v. Nationwide Mutual Insurance Co., 161 So.2d 225, 227 (Fla.App. 1964).
It has been said that the "drive other cars" clause provides coverage for the named insured even in cases of vicarious liability:
Under a provision furnishing insurance for the use of other automobiles, such coverage applies to the named insured's liability arising from the use of other automobiles no matter who causes that liability  the named insured or some other person for whose acts the insured is responsible. 7 Am.Jur.2d Automobile Insurance § 105 (1963).
Two cases are cited in support of this proposition: Fazzino v. Insurance Co. of North America, 152 Cal. App.2d 304, 313 P.2d 178 (1957); Klatt v. Zera, 11 Wis.2d 415, 105 N.W.2d 776 (1960). Both cases involved vicarious liability of the named insured resulting from negligent driving by a minor whose driver's license application the insured had signed. The courts held that coverage existed. Cases with identical holdings are Mancheski v. Derwae, 11 Wis.2d 467, 105 N.W.2d 773 (1960); Asleson v. Hardware Dealers Mutual Fire Insurance Co., 11 Wis.2d 624, 106 N.W.2d 330 (1960).
Travelers has called to our attention two cases in which the courts refused to find coverage in similar situations: Osborne v. Security Insurance Co., 155 Cal. App.2d 201, 318 P.2d 94 (1957); Martinez v. Allstate Insurance Co., 261 Cal. App.2d 754, 68 Cal. Rptr. 278 (1968).
In the instant case, Travelers contends that the policy limits coverage to cases involving operation or use by the named insured or relative. Appellants, however, maintain that the policy provides coverage to Smith no matter who is using the vehicle, so long as the use is with the permission of the owner. In addition, appellants claim that Smith used the vehicle, either vicariously, or in his act of turning it over to Davis.[*]
We reject appellants' first argument, and hold that the policy requires operation or use by the named insured or relative. The words "or if he is not operating" introduce a change only from "operation" to "use" and do not imply that coverage exists regardless of the person using the vehicle.
We also reject appellants' additional contentions. Of the cases cited above, in only one does it appear that the policy limited coverage to cases involving use of the other vehicle by the named insured. Martinez, supra, 68 Cal. Rptr. at 280. The court held that use by someone through whom the insured was vicariously liable did not constitute use by the insured.
Another case construing the word "use" with respect to the "drive other cars" clause is Potomac Insurance Co. v. Ohio Casualty Insurance Co., 188 F. Supp. 218 (N.D.Cal. 1960). In that case, the insured was allegedly negligent in distracting the driver of a car in which he was a passenger. The court held that the insured was *89 not using the car and that no coverage existed.
Potomac Insurance Co., supra, has been severely criticized. See 2 N. Risjord & J. Austin, Automobile Liability Insurance Cases 2497-98 (2d ed. 1965). Certainly if Smith had been a passenger, he would have been using the truck. See Ray v. Earl, 277 So.2d 73, 77 (Fla.App.), cert. den., 280 So.2d 685 (Fla. 1973).
Smith also would have been using the vehicle if it was being driven to serve some purpose of his. See American Fire & Casualty Co. v. Blanton, 182 So.2d 36, 39 (Fla.App. 1966).
However, in the instant case, since Smith was not a passenger, and since he received no benefit from turning the vehicle over to Hayes and Davis, he was not using the pickup truck:
Where A operates B's automobile, with B's consent and for B's purpose, benefit, or advantage, it may be said that B is using the automobile, but, where A operates B's automobile, with B's consent, solely for A's purposes, and in no sense for any purpose, benefit, or advantage of B, it cannot be said that B is using the automobile. Samuels v. American Automobile Insurance Co., 150 F.2d 221, 223 (10 Cir. 1945).
We are aware of the general trend to expand insurance coverage so that it is co-extensive with liability. Cf. Ray v. Earl, supra, 277 So.2d at 76. However, we are unwilling, in effect, to rewrite the contract by adopting a definition of "use'" which goes beyond the plain meaning of the term.
Affirmed.
MAGER, J., concurs.
CROSS, J., dissents without opinion.
NOTES
[*] No party contends that the words "actual use" which appear in the policy mean anything different from "use" for the purposes of this case.