**LOUISVILLE GAS AND ELECTRIC COMPANY, Plaintiff-Appellant,**

v.

**The AMERICAN INSURANCE COMPANY, Defendant-Appellee.**

No. 18304.

United States Court of Appeals
Sixth Circuit.
July 16, 1969.

Albert F. Reutlinger, Louisville, Ky., for appellant.

Malcolm Y. Marshall, Louisville, Ky., for appellee, James S. Welch, Ogden, Robertson & Marshall, Louisville, Ky., on brief.

Before PECK, McCREE and COMBS, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from a judgment of the District Court, entered on a jury verdict, dismissing appellant's suit with prejudice. The questions presented are whether certain damage which occurred on April 22, 1960 to one of appellant's electrical transformers is within the coverage of an insurance policy written by appellee and, if so, whether the District Court's judgment must still be affirmed because the judge erred in holding that appellant had produced sufficient evidence to create a fact question for the jury, thus requiring his denial of appellee's motion for a directed verdict. Jurisdiction is based on diversity and the law of Kentucky controls. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Appellant is a public utility serving Louisville and Jefferson Counties in Kentucky. The damage in question was caused by a malfunction within the transformer involving electrical arcing and resultant electromotive forces. Whether an explosion of some of the oil

which was circulated through the transformer as an insulator and coolant also occurred is disputed.

Appellant instituted this action in the Jefferson County Circuit Court to recover appellee's pro rata share of the liability for the loss.[1] The cause was thereafter removed to the District Court and was tried before a jury. The District Judge instructed the jury that appellant could not recover under the policy unless it found that the electrical arcing was followed by an explosion which, apart from other causes, resulted in more than two hundred dollars damage. He then submitted to the jury the following interrogatory:

> Did an ensuing explosion, following an electrical arc, occur in either the selector switch compartment or the main tank of the transformer, which was followed by some damage caused by the explosion in the compartment where it took place in excess of $200?

The jury answered this in the negative and pursuant to his further instructions, returned a verdict for appellee. Judgment was entered accordingly, and this appeal followed.

Appellant contends that the District Court's charge to the jury was erroneous and that it is entitled to recover under the policy if the arcing caused an explosion and if the arcing and explosion together produced total damage in excess of two hundred dollars. We hold that the policy should be construed in this manner and that the judgment of the District Court should therefore be reversed.

■ The policy's "explosion clause"[2] provides: "This Company shall not be liable for any loss by explosion unless such loss (including loss, if any, by ensuing fire) exceeds $200 * * *." Although the total damage to the transformer in this case exceeded one hundred thousand dollars, most, if not all, of the damage was apparently caused by the arcing and electromotive forces. Whether damage of this type can be considered in determining that a "loss by explosion" in excess of two hundred dollars occurred requires consideration of another provision of the explosion clause which states:

> The coverage of loss by explosion under this endorsement shall include direct loss by any artificial electrical disturbance immediately preceding and causing such explosion * * *.[3]

We hold that this provision can reasonably be construed to define the term

---

1. Appellee is one of several companies which had insured the transformer.

2. The explosion clause is contained within the Extended Coverage Endorsement of the policy and provides:

    Provisions Applicable Only to Explosion: The coverage of loss by explosion under this endorsement shall include direct loss by any artificial electrical disturbance immediately preceding and causing such explosion and shall include direct loss resulting from the explosion of unfired pressure vessels or accumulated gases or unconsumed fuel within the firebox (or the combustion chamber) of any fired vessel or within the flues or passages which conduct the gases of combustion therefrom.

    This Company shall not be liable for any loss by explosion unless such loss (including loss, if any, by ensuing fire) exceeds $200 and then only for this Company's pro rata part of the amount of such excess; nor shall this Company be liable for loss by explosion, rupture or bursting of:

    (a) steam boilers, steam pipes, steam turbines or steam engines; or

    (b) rotating parts of machinery caused by centrifugal force; if owned by, leased by or actually operated under the control of the Insured.

    The following are not explosions within the intent of meaning of these provisions:

    (a) concussion unless caused by explosion,

    (b) electrical arcing,

    (c) water hammer,

    (d) rupture or bursting of water pipes.

    Any other explosion clause made a part of this policy is superseded by this endorsement.

3. The parties agree that electrical arcing is an artificial electrical disturbance within the meaning of the terms of the explosion clause.

"loss by explosion" and, therefore, permits consideration of the damage from the electrical arcing for the purpose of determining whether the minimum insured loss was incurred by appellant.

■■ The distinction, urged by appellee, between the *"coverage* of loss by explosion" (our emphasis) and the definition of such loss is neither clear nor obvious. It is just as reasonable to view these provisions as insuring against all covered losses, subject only to the condition that they exceed a minimum amount. So construed they would be analogous to the familiar deductible provisions of many automobile collision insurance policies. Although appellee may not have intended to provide this coverage when it issued the policy, it is clear that the language of the agreement must determine its legal consequences. Under Kentucky law, if two constructions of policy language are reasonable, the one favorable to the insured must be adopted. State Mutual Life Assurance Co. of Worcester, Mass. v. Heine, 141 F.2d 741 (6th Cir. 1944).

■ With regard to the second question presented, we hold that the District Court did not err in denying appellee's motion for a directed verdict. Appellee contends that a rupture in the transformer's pressure relief device might constitute an explosion within the terms of the policy but that it is clear that mere vaporization and decomposition of oil does not. Although in a similar case, Baltimore Gas & Electric Co. v. United States Fidelity and Guaranty Co., 166 F. Supp. 703 (D.Maryland, 1958), rev'd on other grounds, 269 F.2d 138 (4th Cir. 1959), the jury seems to have accepted this proposition, we cannot say that it is true as a matter of law.

There is testimony in the record that the decomposition and vaporization of oil, which necessarily accompanies *any* arcing which occurs in the parts of the transformer through which this liquid is circulated, constitutes an explosion.[4] It is for the jury to evaluate this testimony and to determine whether the occurrence of these phenomena in the instant case was within the meaning of the term "explosion" as it is used in the explosion clause of the policy[5] as defined by the court in its instructions.

The judgment of the District Court is reversed and the case is remanded for a new trial.

---

4. Vaporization of oil, according to this testimony, can cause the volume which the oil occupies to increase rapidly by a factor as high as fifteen hundred, depending on conditions.

5. We observe that it seems unlikely that this term was intended by the parties to include *every* instance of vaporization

and decomposition caused by electrical arcing. Such a conclusion would render meaningless that part of the explosion clause which provides:

The following are not explosions within the intent or meaning of these provisions:

\* \* \*

(b) electrical arcing \* \* \*.