BITUMINOUS CASUALTY CORPORA-
TION, Appellant,

v.

George W. MYERS, Appellee.

Court of Appeals of Kentucky.

Jan. 30, 1970.

Charles H. Reynolds, Bell, Orr & Reynolds, Bowling Green, for appellant.

Frank R. Goad, Scottsville, Marshall Funk, Bowling Green, for appellee.

PLEAS JONES, Special Commissioner.

The appellee, George W. Myers, filed a civil action in the Allen Circuit Court, at Scottsville, Kentucky, for the recovery of fees and court costs in the amount of $3,160, incurred by him in the defense of a separate United States District Court civil action, against George W. Myers d/b/a Myers Drilling Company arising out of a tort claim previously filed and tried in that court against the appellee.

At the trial of the action, before a jury, and at the conclusion of all the proof, the trial court instructed the jury to award the appellee the costs of defending the federal court suit in the total amount sued for, which was stipulated by the parties to be the correct amount.

From this judgment, Bituminous Casualty Corporation appeals. Their contentions are: (1) The trial court erred in failing to permit cross-examination of the appellee; and (2) That the trial court erroneously directed a verdict for the appellee. In order to place these issues in their proper perspective, it is necessary that we review briefly both the facts in the action in the Allen Circuit Court as well as the separate United States District Court action.

The appellee Myers, who was the sole owner of an oil well drilling business was issued a manufacturers and contractors' liability policy in 1963 by appellant Bituminous Casualty Corporation. As a part of the policy, and attached thereto, was a policy endorsement in the following words:

"It is agreed that the policy does not apply except in connection with the conduct of a business of which the named insurer is the sole owner."

On October 23, 1963, appellee Myers entered into an oral agreement with a Mr. Newsom whereby Newsom granted Myers an option to buy a one-sixteenth interest in a lease of property on which an oil well was being drilled. The option price was $2,500. On October 24, 1963, Newsom had an assignment to Myers prepared covering that interest. On October 25, 1963, but before the drilling was completed Cecil Jones, a welder working on the well, was injured as a result of an explosion. The record is unclear as to whether Jones was working for Myers or the owners of the oil lease operation. Myers immediately reported the accident to Bituminous.

On November 18, 1963, Mr. Newsom delivered to the appellee his assignment of the one-sixteenth interest and appellee paid Mr. Newsom the sum of $2,500. Thereafter, the injured welder Jones brought a suit in federal court, in Bowling Green, against both the appellee and Mr. Newsom for the injuries received in the accident on October 25, 1963, claiming that they were joint owners of the lease upon which he was hurt.

The appellee sent the complaint and summons to the appellant and demanded that it protect him. The appellant refused to defend the federal court action, claiming there was no coverage because the claim against the appellee arose when he was operating as part owner of a business rather than as a sole owner.

The appellee Myers defended the action filed against him and Mr. Newsom by Jones in federal court at his own expense, a total of $3,160. The issue in the fed-

eral court action as to the liability of the appellee depended upon whether the lease assignment from Newsom to the appellee was delivered to him before or after October 25, 1963, the date of Jones' injury. A jury in the federal district court found that the lease from Newsom to the appellee was delivered after October 25, 1963, and the complaint was dismissed as to the appellee Myers.

At the trial of this action in the Allen Circuit Court, the appellant, Bituminous Casualty Corporation, sought to introduce proof that the appellee was not operating his drilling business as the sole owner, but was rather operating as a part owner of the lease at the time of the injury. At a pre-trial conference, the trial court ruled that the appellant could not properly introduce any evidence calculated to contradict the factual finding of the jury in the federal district court. That is, appellant could not introduce any evidence to show that appellee was part owner of the lease on October 25, 1963.

The propriety of that ruling is seriously questioned by the appellant, who contends that the court's denial of appellant's right to cross-examine is violative of CR 43.06. We are not so persuaded that CR 43.06 is applicable to the case at bar.

■ The appellant, after receiving a copy of the complaint, summons of the federal district court action and one or more letters from the appellee, refused to defend the action in the federal district court. Yet they procured a non-waiver agreement and made a thorough investigation of the case. Why the non-waiver agreement was taken is not apparent. Ordinarily, non-waiver agreements are taken only in cases where an insurance company expects to defend its insured but desires to preserve its rights of non-indemnity if there was no coverage. CR 43.06 would have been applicable had the appellant exercised its duties under the terms of the insurance policy in the federal district court action. Under the terms of the in-

surance policy, the appellant agreed to protect the appellee from any loss or any expense if anyone brought an action against him in connection with his "drilling or redrilling of oil or gas wells" business, so long as he was the sole owner.

The federal district court has concluded that on October 25, 1963, the date of the injury that precipitated the federal court action, the lease from Mr. Newsom to Mr. Myers had not been delivered.

■ We are of the opinion that the trial court was correct in refusing to permit the appellant, Bituminous Casualty Corporation, to put in issue that which had already been judicially determined in the prior lawsuit in the federal district court. In 46 C.J.S. page 257 at § 1251 of Insurance, it is stated:

"Conclusiveness & Effect of Prior Adjudication. Where an insurer was notified of a pending action against the insured on an injury or liability covered by the policy, a judgment against the insured in such action is conclusive on the insurer as to all questions determined therein and material in an action against it on the policy; and the insured is also concluded as to matters established in such action."

In 30 Am.Jur. page 446, section 396 of Judgments, it is stated:

"* * * the term 'parties', within the contemplation of the rule of res judicata, is sometimes extended beyond the mere nominal parties to the record. It has been defined as including all persons who have a direct interest in the subject matter of the suit and have a right to control the proceedings, defend, examine the witnesses, and appeal if an appeal lies."

■ When the appellant, Bituminous Casualty Company, was put on notice and refused to defend the appellee Myers in the tort action in the federal district court,

both the appellant and the appellee became bound as to the finding of fact in the tort action that appellee did not own part of the oil lease at the time Jones was injured while working on the lease.

Neither the appellant nor the appellee can relitigate this fact. Edinger & Co. v. S. W. Surety Insurance Co., 182 Ky. 340, 206 S.W. 465.

Under the policy Bituminous agreed to defend actions brought against Myers on claims embraced within the policy for which he may be liable. Such a claim was asserted against him as the operator of an oil drilling business. Bituminous was obligated to defend.

The judgment is affirmed.

All concur.