**Harold WOLFORD, Movant,**

v.

**Charles Wilson WOLFORD, William Marshall Kerrick, KACO–KML Self Insurance Fund, Trinity Universal Insurance Company, Respondents.**

Supreme Court of Kentucky.

Jan. 19, 1984.

R. Terry Bennett, Skeeters & Bennett, Radcliff, for movant.

Paul M. Lewis, Lewis, Bland & Preston, Elizabethtown, James Wagoner, Louisville, for respondent, William Marshall Kerrick.

G. William Clements, Louisville, for respondent, Trinity Universal Ins. Co.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals affirming a summary judgment which determined that there was no insurance coverage for an automobile accident where a 17-year-old son was driving his father's vehicle without permission, and that under KRS 186.590(1) both son and

father were liable to the accident victim because the vehicle was uninsured. The questions presented are whether the father is ultimately liable where he has signed his son's driver's license application and the uninsured son is involved in an auto accident; whether the policy of insurance purchased by the father provides coverage; whether the insurance company has a duty to defend; and whether the father should be held liable only in an amount equal to the maximum sum of the liability insurance coverage required by the statute.

Harold Wolford, the father, operated a trailer park and owned five vehicles, all of which were insured under a business/auto policy. When his son became 16, the father notified his insurance agent that the son would drive one of the cars. The family car, a 1978 Ford was added to the policy at a premium double that of the business autos.

The father signed the driver's license application for the son who was 16 at the time. On September 5, 1979, the now 17-year-old son, who had been living outside his parents' home, decided to return. He requested the use of the Ford, but the father refused because he believed the son was high on drugs. The son then took a set of car keys and the automobile without the father's permission. The father immediately gave chase in another vehicle but lost his son in traffic. He then called the police to report the theft of his automobile. The police discovered the automobile and a high-speed chase ensued during which a police officer was injured when the son rammed the police car.

The insurance company refused to defend the suit that followed. The circuit court ruled in a summary judgment that there was no coverage for the son or the father because the son was driving without permission, that both were jointly and severally liable, and that the company has no duty to defend the suit. Later the jury awarded an $80,000 judgment against the Wolfords. The Court of Appeals affirmed the circuit court. This Court granted discretionary review.

This Court reverses the decision of the Court of Appeals because the language of the policy of insurance was sufficient to provide coverage to the father in this situation. The father was legally responsible and the policy covered his liability in any accident involving use of the covered vehicle without exception.

The summary judgment releasing the insurance company was in error because, although the son was not covered because he was operating the vehicle without the owner's consent, the insurance company had agreed to pay all sums for which the insured father might be liable because of use of a covered vehicle. When the father signed the son's application for a driver's license, pursuant to KRS 186.590(1), he became liable for the son's negligent acts.

Part IV A(1) of the liability policy states: We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.

This is such an accident. The policy language is not limited to use authorized by the insured. There is no legal reason why we should add such limiting language where none exists. The rules for construing the language of insurance policies is to the contrary.

■ KRS 186.590(1) provides that any negligence of a minor under the age of 18 is imputed to the person signing the application for a license allowing him to drive if the child is not insured. Such a person is jointly and severally liable with the minor for any damage caused by his negligence. *Benton v. Parks' Adm'r.*, Ky., 272 S.W.2d 466 (1954).

■ Here the father was insured by Trinity Universal Insurance Company as an individual and also as a corporation doing business as a trailer park. The vehicle in question was included as a car under # 5 of the Schedule of Covered Autos. The policy indicated that the Ford was not insured as a business vehicle. The obvious implication is

that it was a family car used for pleasure. The amount of premium assessed for the automobile in question was more than double the premium on any of the other cars. Clearly the policy was drafted in all details by the insurance company. Consequently, the company must be held strictly accountable for the terms of the contract. *National Insurance Underwriters v. Lexington Flying Club, Inc.,* Ky.App., 603 S.W.2d 490 (1979).

■ If the contract has two constructions, the one most favorable to the insured must be adopted. *Louisville Gas & Electric v. American Insurance Company,* 412 F.2d 908 (6th Cir., 1969). If the contract language is ambiguous, it must be liberally construed to resolve any doubts in favor of the insured. *Davis v. American States Insurance,* Ky.App., 562 S.W.2d 653 (1977).

The Court of Appeals was in error when it determined that the insurance did not cover both the father and the minor son.

■ The son was covered only if he was operating a covered auto with permission, but he was not operating with permission. This did not prevent the policy from providing coverage for the father. Part IV of the policy made the father an insured for any covered auto and agreed to payment for all sums the father was required to pay because of the injury or damage. KRS 186.-590(1) makes the father liable for damages because of bodily injury caused by the son's negligence when operating a car when not insured. Since the son was not insured the father was liable because of the statute and, therefore, covered by the policy.

A covered auto was involved in this accident. The father was required to pay damages pursuant to the statute regarding his verifying the son's driver's license application. In turn the insurance company is obliged to pay up to the policy limits, $25,-000, on the father's behalf.

It should be noted that although there are no specific Kentucky cases on point, other jurisdictions provide some assistance in considering this case. The case of *Lackey v. Olds and Stoller Inter-Exchange,* 80 Cal.App. 687, 252 P. 672 (1927) and *Marple v. American Auto Insurance Company,* 82 Cal.App. 137, 255 P. 260 (1927), are cases where the insured was held liable for the negligence of a minor imputed to the person who signed his license application.

■ The obligation to defend the insured is set out in the insurance contract and is separate from the duty to provide coverage and to pay. The defense clause in the contract is a contractual right of the insured for which he has paid a premium, regardless of other insurance and of any primary or excess coverage. See *Ursprung v. Safeco Insurance Company of America,* Ky., 497 S.W.2d 726 (1973). The insurance company must defend any suit in which the language of the complaint would bring it within policy coverage regardless of the merit of the action. Trinity Universal did not provide a defense in this case and therefore breeched their duty. Consequently, they must now pay for Mr. Wolford's reasonable defense expenses.

■ The decision of the Court of Appeals is reversed insofar as it determined that the policy of insurance does not afford coverage, and this matter is to be remanded to the circuit court with directions to enter a judgment in favor of the father against Trinity Insurance for the limits of the liability provided in the policy. Because the son was not insured, the father is liable for the entire judgment and that part of the judgment is affirmed.

All concur.