Louis BUCK, Plaintiff-Appellant,

v.

**UNITED STATES AVIATION UNDERWRITERS, INC.,**
Defendant-Appellee.

No. 84–5694.

United States Court of Appeals,
Sixth Circuit.

Submitted April 16, 1985.

Decided June 7, 1985.

John I. Hanbury, VanAntwerp, Hughes, Monge & Jones, Ashland, Ky., for plaintiff-appellant.

Max Picklesimer, Dunnigan, Martin & Picklesimer, Ashland, Ky., for defendant-appellee.

Before MERRITT and MILBURN, Circuit Judges, and GUY, District Judge.*

MERRITT, Circuit Judge.

This diversity action involves the construction under Kentucky law of an aircraft liability insurance provision under which commercial pilots operating the insured's aircraft are excluded from coverage unless they fall within a clause providing coverage to "any employee" of the insured. Plaintiff Louis Buck, a commercial pilot, claims that he was an additional insured and was entitled to be defended by defendant United States Aviation Underwriters, Inc. (Aviation Underwriters) in a personal injury suit brought in state court by a victim of an accident which occurred while Buck was operating a helicopter owned by D & R Coal and Equipment (D & R Coal) and insured by Aviation Underwriters. The District Court held that Aviation Underwriters did not have a duty to defend Buck because Buck was excluded from coverage as a commercial pilot. The court found that an exemption from the commercial pilot exclusion for "any employee" of the insured did not apply to Buck, because he was not a "regular employee" of D & R Coal. Because we find that the court impermissibly read into the policy restrictive terms which it did not contain, and construed the ambiguous term "any employee" in a manner limiting Aviation Underwriter's duty to defend, we reverse and enter judgment for the plaintiff.

## I.

On July 6, 1979, Ralph McClave brought suit in the Carter County, Kentucky, state trial court against Bates Aviation, Inc., D & R Coal, Bell Helicopter Company and federal plaintiff Buck. McClave sought damages for injuries he suffered when he walked into the moving tail rotor of a helicopter piloted by Buck, a commercial pilot employed by Bates Aviation, and owned by D & R Coal. At the time of the accident, McClave was attempting to sell coal mining rights to D & R Coal, and he had arranged for Buck to fly himself and a geologist apparently employed by D & R Coal to the site of the coal seam so that the geologist could verify the existence of coal. The accident occurred when the helicopter landed to pick up the geologist on the way out to the site. A 72.

In his complaint, McClave alleged that Buck was the "servant, agent and employee" of both Bates Aviation and D & R Coal. At the time of the accident, Aviation Underwriters provided aircraft liability insurance to D & R Coal. The policy provided that Aviation Underwriters would pay, *inter alia*, personal injury damages which "the insured" was legally obligated to pay, and specifically stated that "with respect only to the Liability Coverages," "insured" also means:

> any person while using or riding in the aircraft and any person or organization legally responsible for the use thereof, provided that the actual use of the aircraft is by the Named Insured (D & R Coal) or with his permission, and further provided that other than the Named Insured, *none of the following shall be an insured:*
>
> (a) any person or organization, or any agent or employee thereof, engaged in

---

* The Honorable Ralph B. Guy, Judge of the United States District Court for the Eastern District of Michigan, sitting by designation.

... the operation of ... a commercial flying service ... with respect to any occurrence arising out of such operations ... but this provision does not apply to any employee of the Named Insured while acting in the course of his employment by the Named Insured. A. 62.

Buck notified Aviation Underwriters of the accident and of McClave's claim and demanded that Aviation Underwriters defend him. By letter, Aviation Underwriters refused to defend Buck, denying that the policy covered Buck because he was not an "insured" under the policy insuring D & R Coal. Buck then retained an attorney and defended the state court action at his own expense.

The state trial court overruled D & R Coal's motion for a directed verdict on the grounds of contributory negligence and absence of vicarious liability and instructed the jury that Buck was the agent, servant and employee of both Bates Aviation and D & R Coal at the time of the accident. A. 68. The jury delivered a $350,000 verdict against Buck, D & R Coal and Bates Aviation jointly and severally. The Kentucky Court of Appeals reversed this judgment, however, and entered judgment for all the defendants on the sole ground that McClave had been contributorily negligent as a matter of law.

On December 16, 1982, Buck brought the present action in District Court, seeking reimbursement for the attorney's fees he had paid in the state court action and in pursuing the present action on the ground that Aviation Underwriters had violated its duty to defend him as an "insured" under D & R Coal's aircraft liability policy. Buck contended that he was an employee of D & R Coal outside the exclusion for employees of commercial flying services, and that he therefore was an insured under D & R Coal's policy. He argued that the state trial court's jury instruction that he was an employee of D & R Coal had collateral estoppel effect in the present action, but that even if the instruction did not carry preclusive effect, McClave's state court complaint alleged that Buck was an employee of D & R Coal, thus stating a claim within the policy coverage and triggering Aviation Underwriter's duty to defend under Kentucky law.

The District Court issued summary judgment for Aviation Underwriters, finding that the issue in the present action was whether Buck was a "regular employee" of D & R Coal, and that the state court instruction and findings could not carry preclusive effect here because the state court decided the different issue of whether Buck was a "borrowed servant" of D & R. A. 116–117. The court went on to rule that the facts showed D & R Coal engaged a pilot from a commercial flying service to fly its airplane on a particular mission, making the pilot Buck at most a "borrowed servant" and not a regular employee of D & R Coal, and that Buck was therefore excluded from coverage as an insured because he was the agent or employee of Bates Aviation, a commercial flying service. A. 117. The court held that under Kentucky law, an insurance company has a duty to defend its insured whenever the complaint alleges facts which possibly state a claim within the breadth of the insured's coverage, but that there was no duty to defend an individual who the company believed was not insured merely because the complaint stated facts which might qualify him as an insured. A. 117.

## II.

We agree with the District Court's decision that the state trial court's jury instruction that Buck was an employee of D & R Coal at the time of the accident does not carry preclusive effect in the present action. While it is true that the insurer is bound by a judgment in the action against the insured as to facts which were actually determined in that action, *Bituminous Casualty Corp v. Myers*, 450 S.W.2d 272, 274–75 (Ky.1970), and also as to those issues which "might have been litigated in the original suit," *State Farm Mutual Automobile Insurance Co. v. Shelton*, 368 S.W.2d 734, 737 (Ky.1963), there is neither a state court judgment nor factual finding

on the issue of whether Buck is an employee of D & R Coal entitled to coverage as an insured. The decisions in *Shelton* and *Myers* establish automatic privity for res judicata and collateral estoppel purposes between an insurer and an individual who self defends, but they do not alter the rule that reversed judgments lose all preclusive effect. The state court of appeals did not, and in all likelihood could not have decided the issue of whether Buck was an "insured," and the state trial court's jury instruction that Buck was D & R Coal's employee carries *no* preclusive effect, because the trial court's judgment was reversed on appeal. See 1B *Moore's Federal Practice* ¶ 0.416(2), at 517 (2d ed. 1984). Buck's contention that the state trial court's jury instruction carries preclusive effect in this action was properly rejected by the District Court.

■ The District Court erred, however, in its determination that Buck was not an additional insured because he was not a "regular employee" of D & R Coal. Buck wore two hats: as an employee of Bates Aviation, a commercial flying service, and as the temporary employee of D & R Coal, hired to fly its helicopter to the site of the coal seam. As a commercial pilot, he was clearly within the provision excluding coverage for commercial pilots; his exemption from this exclusion, however, turns on the construction of the ambiguous clause providing coverage to "any employee" of the insured, D & R Coal.

The District Court resolved the ambiguity in the meaning of the phrase "any employee of the Named Insured" by reading into this phrase the restrictive terms that only "regular employees" of the named insured were to be covered. In so doing, it violated well established principles governing the construction of insurance policies and similarly well established Kentucky case law.

In *Pennsylvania Casualty Co. v. Elkins*, 70 F.Supp. 155 (E.D.Ky.1947), the court held that under Kentucky law, a clause excluding coverage for "any employee" of the named insured employer was intended to exclude any kind of employer's liability, "regardless of whether the employment be regular and continuous or incidental and temporary. The words used make the broad indiscriminate exclusion sufficiently clear." 70 F.Supp. at 159. A similarly broad interpretation of the phrase "any employee" in the exception to the commercial pilot exclusion is particularly justified, since such a liberal reading extends coverage to Buck as an additional insured, and when an insurance policy is ambiguous and has two constructions, the one favoring coverage must be adopted. *Wolford v. Wolford*, 662 S.W.2d 835, 837 (Ky.1984); (citing *Louisville Gas & Electric v. American Insurance Co.*, 412 F.2d 908 (6th Cir.1969)). The term "any employee" must be liberally construed to extend coverage to Buck, who was serving as a temporary employee operating D & R Coal's helicopter at the time of the accident.

■ The District Court erred in reading the exception to the commercial pilot exclusion to apply only to "regular employees" of the Named Insured. The insurance company must be held strictly accountable for the terms of a policy it drafted, *Wolford v. Wolford*, 662 S.W.2d at 837, *National Insurance Underwriters v. Lexington Flying Club, Inc.*, 603 S.W.2d 490 (Ky. Ct.App.1980), and the court cannot read into the policy terms and conditions which the policy does not contain. *Old Reliable Insurance Co. v. Brown*, 558 S.W.2d 190 (Ky.Ct.App.1977). The District Court violated both of these principles.

At the time of the accident, Buck was an employee of D & R Coal, exempt from the otherwise applicable commercial pilot exclusion, and he was therefore an additional insured under the policy and was entitled to have Aviation Underwriters defend him in the state court tort action.

Accordingly, the judgment of the District Court is reversed, and judgment is entered awarding Buck the stipulated amounts of $11,094.11 for his attorney's fees and expenses in the state court action and $2,500

for his attorney's fees and costs in the present action.

RALPH B. GUY, Jr., District Judge, dissenting.

The majority faults the district court because "it violated well-established principles governing the construction of insurance policies and similarly well-established Kentucky case law." I do not disagree with the majority's construction of Kentucky case law. I do not disagree with its conclusion that *any* construction of the insurance clause in question is in fact necessary other than affording it its plain and obvious meaning.

It is first necessary to set forth the entire language of the additional insured clause of the policy. The plaintiff relies on the truncated version of the language cited in the majority opinion. No citation of authority is necessary for the proposition that, in interpreting the clause in question, it should be read in its entirety.

> **"Insured"** means the Named Insured and, with respect only to the Liability Coverages, also means any person while using or riding in the aircraft and any person or organization legally responsible for the use thereof, provided the actual use of the aircraft is by the Named Insured or with his permission; and further provided that, other than the Named Insured none of the following shall be insured:
>
> (a) any person or organization or any agent or employee thereof, engaged in the manufacture or sale of aircraft, aircraft engines or aircraft accessories or in the operation of an aircraft repair shop, aircraft sales agency, aircraft rental service, commercial flying service or flying school with respect to any occurrence arising out of any such manufacture, sale or operations, but this provision does not apply to any employee of the Named Insured while acting in the course of his employment by the Named Insured;

When the above clause is read in its complete form, it appears clear that the insurance company, in plain and easily understandable language, has set forth those persons and classes of persons who are likely at some point in time to have temporary contact with or control of a privately owned aircraft. There is no doubt that any of these persons when in temporary control of the aircraft owned by D & R Coal could generate liability for D & R Coal by the commission of a tortious act and resultant injury to a third party. To that end, I have no fault with the instruction of the state trial judge to the effect that for purposes of determining third-party liability, Buck could be considered the agent, servant, and employee of both Bates Aviation and D & R Coal. The flaw in plaintiff's reasoning adopted by the majority, however, is to equate this third-party liability with coverage as an additional insured under the policy.

It is not in dispute that Buck was an employee of a commercial flying service and thus was excluded from coverage as an additional insured by the express language of the policy. Plaintiff would obviate the clear meaning of this exclusion by citing the language which follows the identification of the excluded persons and classes:

> [B]ut this provision does not apply to any employee of the named insured while acting in the course of his employment by the named insured.

The clear purpose of the above language is to enable persons or organizations engaged in airplane manufacture, sales, maintenance, repair, commercial flying services, and such other related enumerated businesses to be able to have coverage for their own employees. In other words, if Bates Aviation were the insured under this policy, it is clear that Buck would be covered notwithstanding that he is "engaged in ... the operation of ... a commercial flying service...."

From an underwriting standpoint, the insurance company can take reasonable measures to evaluate the risk it is under taking when it insured D & R and its employees. To suggest that in writing this policy it also insured everyone who might at any

time have any legitimate contact with the airplane in question appears to me to be a distortion both of the policy language and common sense business practices.

I would affirm the District Court Judge since the construction that I would place upon this policy language does not implicate the rule that requires insurance companies to defend cases of questionable liability. The issue here is not liability but coverage.