782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM ANDERSON and MARY ANDERSON, Plaintiffs-Appellants,
v.
BLACK & DECKER (U.S.), INC., Defendant-Appellee.
 85-5055
 United States Court of Appeals, Sixth Circuit.
 12/9/85
 
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiffs appeal from a directed verdict in favor of the defendant in a product liability case. Plaintiffs are husband and wife. The husband claimed physical injury and when used herein 'the plaintiff' refers to William Anderson. Jurisdiction of the district court was based on diversity of citizenship and the substantive law of Kentucky is controlling.
 
 
 2
 The plaintiff, a longtime woodworking hobbyist, purchased a 10 inch radial arm saw designed and manufactured by the defendant. He received a severe cut on one arm while holding the saw after removing it from a carton and attempting to place it on a metal leg stand with a base plate which came with the saw. His injury did not involve a saw blade. The cut was caused by a sharp edge on the underside of the base of the saw where it was cradled on the plaintiff's arm as he moved the saw from the floor to the assembled leg stand. The evidence indicated that the position of the saw shifted while the plaintiff was attempting to settle it on the metal leg stand. The plaintiff testified that he either kicked one of the legs or bumped against the stand with the saw. The saw weighed 115 pounds and the plaintiff admitted that it was 'stupid' of him to attempt to assemble it in this manner.
 
 
 3
 In his state court complaint the plaintiff alleged defective design, failure to warn and breach of implied warranty of fitness. At the trial following removal to the district court the evidence was directed toward the claim of defective design. The only evidence on liability consisted of the testimony of the plaintiff on direct examination and that of a longtime employee of the defendant who had retired as a safety assurance manager and a professor of biomedical engineering who were called as if on cross-examination. The latter two witnesses were to be called by the defendant in chief. After these three witnesses had testified, the attorney for the plaintiff indicated that he had completed presenting the liability phase of the case and all that remained of the plaintiff's case was the deposition of a doctor who would testify only on damages. The district judge then indicated that he was ready to consider a motion for a directed verdict on the issue of liability. Counsel for the plaintiff responded, 'Okay. Very good.' On appeal the plaintiff argues that he had not rested his case and that the district court acted prematurely in granting a directed verdict. This court concludes that as a matter of substance the time was ripe for the district court to rule on the issue of liability and the response of counsel for the plaintiff indicated agreement with the course suggested by the district court. Therefore we reject the claim that the district court 'jumped the gun' in ruling on the motion for a directed verdict at the point in the proceedings indicated by the record.
 
 
 4
 The plaintiff cites a number of Kentucky cases which establish the standard for a directed verdict. This standard is that a directed verdict may be granted only 'if the court concludes that reasonable minds would not differ upon the issue.' Preece v. Harless, 662 S.W.2d 838 (Ky. App. 1983). The defendants agree that this is the proper standard. The plaintiff argues that the Black & Decker employee who testified when called by the plaintiff made statements which, construed most favorably to the plaintiff as they must be when considering a motion for a directed verdict, presented substantial questions of fact. An analysis of this testimony indicates that the statements relied upon by the plaintiff were elicited in response to a series of questions where the witness first stated that there was no reason to expect any one to attempt the assembly in the manner that the plaintiff did, but that if it were attempted that way one would expect the underside of the saw which appears to have inflicted the wound to come into contact with the arm of the person attempting to make the assembly. The witness, however, was emphatic that this was not a normal use of the saw and that there was no reason to expect anyone to attempt to make the assembly in the manner chosen by the plaintiff. Thus the evidence relied upon by the plaintiff does not support in any way a claim of defective design because the only witness on the matter stated that the injury resulted from an unexpected and abnormal use of the product, not from a use reasonably to be anticipated by the designer and manufacturer.
 
 
 5
 The other expert witness testified that the edge which inflicted the cut was recessed and would have caused nothing more than a superficial laceration if it came into contact with a person's skin during a mere lifting of the saw. A cut of the seriousness of that experienced by the plaintiff would only be suffered if the saw slipped or moved. The plaintiff testified that he never lost control of the saw, but was not able to explain the cut. He acknowledged that he either kicked a leg or bumped the saw against the stand as he tried to position it. When he realized that he was experiencing difficulties in his attempt to assemble it, he set the saw back down on the floor. It was than that he discovered blood on his shirt. In view of the uncontradicted testimony that the plaintiff was using the saw in an abnormal manner not reasonably to be anticipated by the manufacturer, the testimony concerning the circumstances of the injury provided no evidence of a defective design.
 
 
 6
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court did not err in granting a directed verdict in this case. There was no evidence of failure to design a product that was reasonably safe for its intended use. On the basis of the evidence produced by the plaintiff the district court properly concluded that 'reasonable minds would not differ upon the issue.' Accordingly, the judgment of the district court is affirmed.