RENDERED: AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0683-MR

NATIONWIDE GENERAL INSURANCE COMPANY        APPELLANT

v.
APPEAL FROM LETCHER CIRCUIT COURT
HONORABLE JAMES W. CRAFT, II, JUDGE
ACTION NO. 18-CI-00240

MELISSA STURGILL        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND L. THOMPSON, JUDGES.

ACREE, JUDGE: Appellant, Nationwide General Insurance Company, appeals

the Letcher Circuit Court's June 2, 2021 order granting summary judgment in

favor of Appellee, Melissa Sturgill. Finding the circuit court erred, we reverse.

## BACKGROUND

On April 10, 2018, Hiram Caudill was driving a 1992 Peterbilt

Rollback flatbed truck, when he collided with Appellee's vehicle. Triple Lee

Contracting, LLC (Triple Lee), a Kentucky business, owned the truck. Mr. Caudill's wife, Minerva Caudill, owned and operated Triple Lee. Triple Lee held a commercial insurance policy with National Indemnity Insurance (NII) to provide coverage for the truck. At the time of the accident, Mr. Caudill was using the truck to deliver logs on behalf of Triple Lee.

Triple Lee did not directly employ or compensate Mr. Caudill. However, he would occasionally help by delivering logs to wholesale purchasers, among other tasks. In her deposition, Mrs. Caudill agreed her husband "had free access" to use the Peterbilt truck, and Triple Lee made the truck available to him "any time he wanted to use it."

At the time of the accident, two of Appellant's insurance policies (the Agreements) provided certain coverage for vehicles belonging to Mr. Caudill as the "named insured." Each policy covered two different vehicles. The Peterbilt truck was not listed as a covered vehicle in either policy. The Agreements contain identical terms of coverage.

Appellee filed suit against Mr. Caudill and Triple Lee for negligence, compensatory damages, and punitive damages following the automobile accident. Appellee then filed a Petition for Declaratory Judgment against Appellant, wherein Appellee sought additional coverage under the Agreements, notwithstanding that

the Peterbilt truck was not a vehicle expressly covered. The trial court bifurcated the original personal injury action and the declaratory judgment action.

Both Appellee and Appellant moved for summary judgment in the declaratory judgment action. Appellee argued the agreements provided coverage because the terms were sufficiently broad to cover Mr. Caudill's use of the Peterbilt truck at the time of the collision. Appellant argued to the contrary. The circuit court agreed with Appellee and granted summary judgment in her favor. This appeal followed.

## STANDARD OF REVIEW

The parties agree there are no genuine issues of material fact, making this a case involving only contract interpretation. "The interpretation of a contract, including determining whether a contract is ambiguous, is a question of law to be determined *de novo* on appellate review." *Kentucky Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691, 695 (Ky. 2016) (citation omitted).[1]

## ANALYSIS

We conclude that the trial court erred in granting summary judgment in favor of Appellee. While the Agreements do contemplate potential coverage for

---

[1] We note that Appellant's brief deviates significantly from the requirement of Kentucky Rules of Civil Procedure (CR) 76.12(4)(c)(v) because it fails to demonstrate in its argument section that each argument presented therein was properly preserved for appellate review. We choose not to strike Appellant's brief, though controlling precedent gives us the power to do so at our discretion. This decision should not be interpreted as indicating a policy of leniency.

a vehicle Mr. Caudill drives other than one which would qualify as a "covered auto," there are also exclusions from coverage. Upon application of Kentucky's jurisprudence interpreting insurance contracts, we conclude the Agreements' language describing the exclusion show as a matter of law that Appellant is not obligated to provide coverage for damages resulting from the accident.

If the language of an insurance contract has two constructions, "the one most favorable to the insured must be adopted." *Wolford v. Wolford*, 662 S.W.2d 835, 838 (Ky. 1984) (citing *Louisville Gas & Elec. v. Am. Ins., Co.*, 412 F.2d 908 (6th Cir. 1969)). But, "where not ambiguous, the ordinary meaning of the words chosen by the insurer is to be followed." *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins., Co.*, 814 S.W.2d 273, 279 (Ky. 1991) (citing *Washington Nat'l Ins. v. Burke*, 258 S.W.2d 709 (Ky. App. 1953)).

The Agreements specifically provide what vehicles are covered by the policies in their Definitions:

> J. "Your covered auto" means:
>
> 1. Any vehicle shown in the Declarations.
>
> 2. A "newly acquired auto."
>
> 3. Any "trailer" you own.
>
> 4. Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
>
>    a. Breakdown;

b. Repair;

c. Servicing;

d. Loss; or

e. Destruction.

Although Appellant contends this definition specifically excludes from coverage any accident occurring while Mr. Caudill was driving a non-covered vehicle, subsequent portions of the Agreements do not support that interpretation. They do, however, provide as follows:

PART A – LIABILITY COVERAGE

INSURING AGREEMENT

A. We will pay damages for "bodily injury" or "property damage for which any "insured" becomes legally responsible because of an auto accident. . . . We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. . . . We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

B. "Insured" as used in this Part means:

1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer."

2. Any person using "your covered auto."

The Agreements are plainly and unambiguously drafted to contemplate situations in which Appellant is obligated to provide coverage to Mr. Caudill for his operation of vehicles other than a "covered auto." Appellant is required to provide

-5-

coverage if any "insured" is involved in an auto accident, and the Agreements specifically define "insured" to include Mr. Caudill while using any auto.

That is different than the interpretation Appellant wants to give the Agreements. Appellant prefers an interpretation of "insured" as anyone who operates a "covered auto." And yet, if Appellant wanted the Agreements to provide coverage to Mr. Caudill only while he is driving a "covered auto," then the Agreements could have explicitly so stated.

However, the undisputed facts of this case, when applied to the Agreements' exclusion provisions, clearly exclude Mr. Caudill's operation of the Peterbilt truck from coverage as a matter of law. "[E]xclusion clauses do not grant coverage; rather, they subtract from it." *Kemper Nat'l Ins. Cos. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 872 (Ky. 2002) (quoting *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins.*, 681 P.2d 875, 880 (Wash. App. 1984)). "Because coverage exclusions are 'contrary to the fundamental protective purpose of insurance,' they are 'strictly construed against the insurer' and 'will not be extended beyond their clear and unequivocal meaning.'" *Id.* at 873 (quoting *Diamaco, Inc. v. Aetna Cas. and Sur. Co.*, 983 P.2d 707, 711 (Wash. App. 1999)). "In Kentucky, the exclusionary or limiting language in policies of automobile insurance must be clear and unequivocal and such policy language is to be strictly

construed against the insurance company and in favor of the extension of coverage." *Nationwide Mut. Ins. Co. v. Hatfield*, 122 S.W.3d 36, 39 (Ky. 2003).

In its order, the trial court determined there was no genuine issue regarding the material facts that Mr. Caudill was not an employee of Triple Lee and that he was not performing employment duties for Triple Lee at the time of the accident. Finding Mr. Caudill was not an employee of Triple Lee but instead was a "consensual driver," the trial court concluded that Appellee was entitled to judgment as a matter of law.

The Agreements contain two exclusions related to the operation of vehicles for compensation or while engaged in business. As relevant to the present appeal, the two exclusions provide as follows:

> EXCLUSIONS
>
> A. We do not provide Liability Coverage for any "insured":
>
> . . . .
>
> 5. For that "insured's" liability arising out of the ownership or operation of a vehicle while it is being used:
>
> . . . .
>
> a. To carry persons or property for a fee or compensation. . . .
>
> 7. Maintaining or using any vehicle while that "insured" is employed or otherwise engaged

in any "business" (other than farming or ranching) not described in Exclusion A.6.

This exclusion (A.7.) does not apply to the maintenance or use of a:

a. Private passenger auto;

b. Pickup or van; or

c. "Trailer" used with a vehicle described in a. or b. above.

The record is clear Mr. Caudill was not an employee of Triple Lee at the time he was involved in the accident, nor has he ever been an employee or independent contractor of Triple Lee. But the record also shows without dispute that a purchaser paid Triple Lee $721.99 for the logs Mr. Caudill was transporting. Mr. Caudill also stated in his deposition he assisted his wife by lending a hand at Triple Lee because "financially, what helps her helps him."

Regardless, the above exclusions are inherently ambiguous. The Agreements' coverage exclusion for carrying property for a fee or compensation could be interpreted broadly to mean Appellant will not provide coverage in any instance where Mr. Caudill either is paid while operating a vehicle or when Mr. Caudill carries property which is then sold; conversely, the exclusion could be construed narrowly to deny coverage when Mr. Caudill is compensated directly. Similarly, the coverage exclusion for the use of a vehicle while Mr. Caudill is employed or otherwise engaged in business could be read broadly to mean that

coverage is excluded for any instance where operation of a vehicle is related to profit-generating activities; the exclusion could also be construed narrowly to mean that coverage is only excluded where Mr. Caudill is operating a vehicle pursuant to an employment or independent contractor relationship or where Mr. Caudill is being paid directly.

When strictly construing the above exclusions against Appellant and in favor of Mr. Caudill, as Kentucky law requires, these exclusions do not operate to exclude the accident from coverage. When read narrowly, these exclusions contemplate situations where an insured driver is operating a vehicle as an employee, while performing employment duties, or to be compensated directly. As the trial court noted in its order, Mr. Caudill lacked an employment relationship with Triple Lee. Mr. Caudill was not an independent contractor and was not paid directly for operating the Peterbilt truck. Accordingly, as a matter of law, the above exclusions do not release Appellant from its obligation to provide coverage for the accident.

However, the Agreements provide a third exclusion relevant to this appeal, which Appellant offered for the trial court's consideration, and for this Court's consideration in its brief. (Appellant's brief, p. 2.) This exclusion provides as follows:

> B. We do not provide Liability Coverage for the ownership, maintenance, or use of:

. . . .

2. Any vehicle, other than "your covered auto," which is:

a. Owned by you; or

b. Furnished or available for your regular use.

There is no ambiguity in this exclusion-from-coverage provision. If the record shows no genuine issue of material fact that the Peterbilt truck was available for Mr. Caudill's regular use, the Agreements provide no liability coverage if he is involved in an accident while driving it.

Upon review of the record, there is no genuine dispute that the Peterbilt truck was available for Mr. Caudill's regular use, and Mr. Caudill's access to the truck is clearly a material fact relative to the applicability of the above exclusion. Both Mr. Caudill and Mrs. Caudill expressly testified in their depositions that Mr. Caudill could use the Peterbilt truck whenever he wanted to use it. All that is required by the plain language of this exemption is that the truck is available for Mr. Caudill's regular use, not that Mr. Caudill used the truck on a regular basis or in a regular manner. The "available for your regular use" exclusion applies here.

Where no genuine issue of material fact exists within an appellate record, we owe no deference to a trial court's assessment of the record or its application of law to facts when it granted summary judgment. *Hammons v.*

*Hammons*, 327 S.W.3d 444, 448 (Ky. 2010) (citing CR 56.03). Thus, even upon strictly construing the above exclusion in favor of the insured as Kentucky jurisprudence requires, we find that the trial court erred in determining that Appellee was entitled to summary judgment as a matter of law.

Because we have determined that Appellant was not obligated to provide insurance coverage for the accident and therefore that Appellee was not entitled to summary judgment, we need not reach Appellant's other arguments which we deem moot.

## **CONCLUSION**

Based on the foregoing, we reverse the Letcher Circuit Court's June 2, 2021 order granting summary judgment in favor of Appellee and remand this case with instructions to enter summary judgment in favor of Appellant.

ALL CONCUR.

BRIEFS FOR APPELLANT:

C.V. Reynolds
Lisa Stumbo
Prestonsburg, Kentucky

BRIEF FOR APPELLEE:

Daniel F. Dotson
Whitesburg, Kentucky